May Term, 1849.

BRACKENRIDGE *v.* BALTZELL and Another.

The terms "running accounts," in the statute of limitations of 1838, mean mutual and reciprocal demands between the parties which remain open and unsettled; and when the accounts and demands which occasion the suit are of that description, and are between merchant and merchant, they are not limited by the statute.

Assumpsit for goods sold, &c. Plea, the statute of limitations of 1838. Replication—that the money sued for became payable on a running account of trade and merchandise between the parties and wholly concerned the trade of merchandise. Rejoinder—that the supposed account was not at any time within five years next before the commencement of the suit, a running account between the parties as merchants; but that more than five years next before the commencement of the suit, the supposed account became and was a stated and liquidated account. Special demurrer to the rejoinder. *Held,* that both the replication and rejoinder were good, and demurrer should have been overruled.

ERROR to the *Warrick* Circuit Court.

Monday, May 22,

BLACKFORD, J.—*Jacob* and *Charles Baltzell* brought an action of *indebitatus assumpsit,* in 1843, against *Thomas I. Brackenridge,* for goods sold and delivered.

The defendant pleaded, *inter alia,* the statute of limitations.

Replication, that the money sued for became due and payable on a running account of trade and merchandise had between the plaintiffs and defendant as merchants, and wholly concerned the trade of merchandise. Verification.

Rejoinder, that the supposed account was not, at any time within five years next before the commencement of the suit, a running account between the plaintiffs and defendant as merchants; but that more than five years next before the commencement of the suit, the supposed account became and was a stated and liquidated account.

Special demurrer to the rejoinder, and the demurrer sustained.

The cause was tried on certain issues of fact, and judgment rendered for the plaintiffs.

The only error assigned relates to the judgment on the demurrer.

The object of the replication is to show, that the cause

of action is within the exception of the statute of limitations relative to merchants' accounts.

The statute of 1838, which governs this case, contains the following exceptions:

"No statute of limitations shall ever be pleaded as a bar, or operate as such, to any action founded on an instrument or contract in writing, whether the same be sealed or unsealed, *nor to running accounts between merchant and merchant.*" R. S. 1838, p. 447.

The statute of *James* the *First* enacts, that all actions of trespass, &c., all actions of account, and upon the case, *other than such accounts as concern the trade of merchandise between merchant and merchant*, their factors or servants, all actions of debt, &c., shall be sued within, &c.

The suit before us is *indebitatus assumpsit;* and we must first consider whether the mere form of the action excludes the replication.

The Court of Exchequer has recently decided, that the exception as to merchants' accounts, in the *English* statute, cannot be replied in the action of *indebitatus assumpsit.* The Court says that the exception applies only to a proper action of account, or perhaps also to an action on the case for not accounting. *Inglis* v. *Haigh,* 8 Mees. & Welsb. 769. The Common Pleas, in a still later case, decided, that the exception must be confined to accounts, in respect of which an action of account or for not accounting would lie. *Cottam* v. *Partridge,* 4 Mann. & Grang. 271. The Supreme Court of the *United States,* under statutes similar to that of *James,* holds that the exception applies to actions of assumpsit as well as to actions of account; but that the action must be founded on a current account. *Mandeville* v. *Wilson,* 5 Cranch, 15.— *Spring* v. *The Ex'rs of Gray,* 6 Peters, 151.— *Toland* v. *Sprague,* 12 Peters, 300.

It appears to us that the exception in our statute, which is of running accounts between merchant and merchant, was not intended to be limited to actions of account or for not accounting, or to cases in which such actions will

lie. The language of our statute differs materially from that of the statute of *James*, and requires a different construction. We think the terms "running accounts," in our statute, mean mutual accounts and reciprocal demands between the parties, which accounts and demands remain open and unsettled. Whenever, therefore, the accounts and demands, which occasion the suit, are of that description, and are between merchant and merchant, the case, whether an action of account or for not accounting would lie or not, must be considered as not limited by the statute.

We are next to inquire whether the replication shows the cause of action to be within the exception.

The replication avers that the money sued for became due and payable on a running account of trade and merchandise between the parties as merchants. The form under the *English* statute is, that the causes of action were, and are, and relate to certain accounts still open, and unsettled, concerning the trade of merchandise, &c. 1 Chitt. Prac. 347. The replication agrees substantially with that form, and is not objectionable on general demurrer. A very similar replication was held valid in *Mandeville* v. *Wilson*, *supra*.

We now come to the rejoinder. It has been frequently decided that the accounts excepted, even under the *English* statute, are only such as are open and unsettled. *Webber* v. *Tivill*, 2 Saund. 124, and the cases there cited in Mr. *Williams's* notes. The decisions of the Supreme Court of the *United States*, under statutes similar to the statute of *James*, are to the same effect. See the cases in Cranch and Peters above referred to. The rule under our statute excepting running accounts must of course be the same. The rejoinder substantially denies the material fact alleged in the replication, that the account was a running account. It alleges that the account was not, within five years, &c., a running account, but that more than five years next before, &c., it became a stated and liquidated account. The rejoinder might have gone further, and alleged the account to have been stated and

May Term, 1849.

liquidated *by the parties*. That, however, we think, is the meaning of the language used. The omission, at all events, is only matter of form, and it is not pointed out by the demurrer.

We are of opinion, for these reasons, that both the replication and the rejoinder are good, and that the demurrer should have been overruled.

*Per Curiam*.—The judgment is reversed with costs. Cause remanded, with instructions to overrule the demurrer. Costs here.

*J. A. Brackenbridge*, for the plaintiff.

*J. Pitcher*, for the defendants.