(23 App. Div. 519.)

### PICKER et al. v. FITZELLE.

(Supreme Court, Appellate Division, Second Department. April 26, 1898.)

1. CONTINUING GUARANTY.

The defendant gave to plaintiffs the following guaranty: "In consideration of $1, * * * I do hereby become bound to Picker Bros., * * * and agree to pay them, for all such goods that they may hereafter sell * * * to C. J. F., * * * not exceeding on the aggregate $182; the same to be a running account for an indefinite time, and such deliveries be at such time as said C. J. F. shall desire. * * *" *Held*, that this was a continuing guaranty; the amount specified being a limitation only on the extent of defendant's responsibility, and not on the amount of goods the plaintiffs might sell.

2. SAME—QUESTION FOR COURT.

The question of construction involved in determining whether a written guaranty is a continuing one or not is for the court, not the jury.

Appeal from city court of Yonkers.

Action by Adolph Picker and others, composing the firm of Picker Bros., against Francis A. Fitzelle. From an order setting aside a verdict for defendant, and granting a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

I. J. Beaudrias, for appellant.
Joseph F. Daly, for respondents.

CULLEN, J. This action was brought on the following guaranty:

"In consideration of one dollar, and other good and sufficient consideration to me in hand paid at and before the execution and sealing of this instrument, the receipt whereof is hereby acknowledged, I, Francis A. Fitzelle, of 26 North Broadway, Yonkers, N. Y., do hereby become bound to Picker Bros., of 26 Warburton avenue, said Yonkers, and agree to pay them, for all such goods and personal property that the said Picker Bros. may hereafter sell and deliver to

Cornelius J. Fitzelle, of said Yonkers, but not exceeding on the aggregate, $182; the same to be a running account for an indefinite time, and such deliveries be at such time as said Cornelius shall desire. But the condition of this promise or agreement is that I shall not become liable to pay said sum only in case said Cornelius shall fail and neglect to pay such amount and at such time as he shall become liable to, on account of such deliveries as aforesaid.

"Dated Yonkers, N. Y., December 18th, 1895.

"Francis A. Fitzelle. [Seal.]"

There was but one issue in controversy. That was the proper construction of this guaranty; the defendant contending that it was exhausted when the plaintiffs had sold Cornelius Fitzelle goods to the amount of $182.22, while the plaintiffs claimed that it was a continuing guaranty, the amount specified being a limitation only on the extent of the defendant's responsibility. The court submitted the construction of this guaranty to the jury for determination, who found in favor of the defendant. Thereafter, on the plaintiffs' motion, the verdict was set aside, and a new trial granted, from which order this appeal is taken. Even if evidence of the circumstances and situation of the parties was competent on the construction of the instrument, still the question of that construction was for the court, not for the jury. Tunbridge v. Read (N. Y. App.) 16 N. E. 534; Edall v. Railroad Co., 18 App. Div. 216, 45 N. Y. Supp. 959. However, had the jury decided the question correctly, no harm would have been done, but in our opinion its decision was wrong. Had the instrument ended at the figures "$182.22," we are inclined to the opinion that even then, under a long line of authorities, the amount specified would have been a limitation only on the defendant's liability, and not on the amount of goods which the plaintiffs might sell. Gates v. McKee, 13 N. Y. 232; Rindge v. Judson, 24 N. Y. 64; Bank v. Phelps, 86 N. Y. 484. But the further provision, "The same to be a running account for an indefinite time, and such deliveries to be at such time as said Cornelius shall desire," puts the question beyond reasonable doubt. A running account necessarily contemplates continuous dealing, and this intention is further emphasized by the provision that the account shall be for an indefinite time. It certainly was hardly contemplated that during the period over which such account would extend the debtor would make no payments, nor the aggregate of sales to him not exceed the small sum named in the guaranty. There is authority for the proposition that the term "running account" means, as a matter of law, mutual accounts. Brackenridge v. Baltzell, 1 Ind. 333. However this may be, we think that in this case the defendant plainly intended to guaranty the balance of account to the amount specified in his undertaking.

The order appealed from should be affirmed, with costs. All concur.