PICKER et al. v. FITZELLE.

(Supreme Court, Appellate Division, Second Department. April 19, 1901.)

GUARANTY—STATUTE OF FRAUDS—TERMINATION.
     Though the statute of frauds requires a guaranty to be in writing, it may be terminated by parol.

Appeal from city court of Yonkers.
Action by Adolph Picker and others against Francis A. Fitzelle. From a judgment in plaintiffs' favor, defendant appeals. Reversed.
Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

I. J. Beaudrias, for appellant.

Joseph F. Daly, for respondents.

HIRSCHBERG, J. On the first trial of this action the court submitted to the jury the question whether the guaranty was a continuing one. They found for the defendant, and the verdict was set aside. The order setting the verdict aside was affirmed in this court, and the guaranty declared to be a continuing one, rendering the defendant liable in the sum of $188.22 for a balance of any account for goods sold and delivered by the plaintiffs to Cornelius J. Fitzelle. The facts are sufficiently recited in the opinion then delivered. Picker v. Fitzelle, 28 App. Div. 519, 51 N. Y. Supp. 205. On the second trial the defendant sought to limit his liability by proving that before the sale of some of the goods he notified the plaintiffs that he revoked the guaranty, and forbade any further sales on his credit. This evidence was excluded by the court on the ground that the guaranty, being in writing, could not be terminated by parol. We know of no requirement of law that the revocation of a guaranty must be in writing. The respondents contend that, as the statute of frauds requires the guaranty to be in writing, the object of the statute would be defeated if the guaranty could be orally revoked. The object of the statute is fully met by the provision that a promise to answer for the debt of another must be in writing. This requirement exists by force of the statute alone, and as no restriction upon the right to terminate the liability orally exists at common law or by any statutory provision, and as there is nothing incident to the contract which requires written proof, the notice which the defendant sought to prove must be deemed sufficient. The defendant possessed the undoubted right to terminate his liability at any time so far as concerned sales made thereafter, but, of course, such termination would have no effect upon sales made or contracted for in good faith prior to the notice. Guaranties of the class in question here "may be withdrawn on notice, in the absence of anything in the guaranty to the contrary, and the guarantor will not be affected by any transaction between the principal obligor and the guarantee subsequent to the notice." 14 Am. & Eng. Enc. Law (2d. Ed.) p. 1160. See, also, Planter Co. v. Diel, 92 Hun, 165, 36 N. Y. Supp. 364; Bank v. Strever, 18 N. Y. 502, 514; Hunt v. Roberts, 45 N. Y. 691, 694; McKecknie v. Ward, 58 N. Y. 541, 551; Emery v. Baltz, 94 N. Y. 408, 414.

We are unable to say from the record whether the revocation would have served to relieve the defendant from liability for any part of the plaintiffs' claim. The dates of the several sales do not appear, nor does the date of the revocation. The court refused to receive any proof on the subject, and we are therefore unable to determine what part of the bill, if any, was incurred for sales made subsequently to the notice. This can be made to appear on the new trial which is rendered necessary by reason of the erroneous ruling complained of. The judgment and order should be reversed.

Judgment of the city court of Yonkers reversed, and new trial granted, costs to abide event. All concur.