ADOLPH PICKER, ISIDOR PICKER and FREDERICK PICKER, Composing the Firm of PICKER BROTHERS, Respondents, *v.* FRANCIS A. FITZELLE, Appellant.

*Oral revocation of a written continuing guaranty.*

A person who has executed a written continuing guaranty may terminate further liability thereunder by an oral revocation thereof.

APPEAL by the defendant, Francis A. Fitzelle, from a judgment of the City Court of Yonkers in favor of the plaintiffs, entered in the office of the clerk of said court on the 12th day of May, 1900, upon the verdict of a jury rendered by direction of the court, and

also from an order entered in said clerk's office on the 15th day of March, 1900, denying the defendant's motion for a new trial made upon the minutes.

*I. J. Beaudrias,* for the appellant.

*Joseph F. Daly,* for the respondents.

HIRSCHBERG, J.:

On the first trial of this action the court submitted to the jury the question whether the guaranty was a continuing one. They found for the defendant, and the verdict was set aside. The order setting the verdict aside was affirmed in this court, and the guaranty declared to be a continuing one rendering the defendant liable in the sum of $188.22 for a balance of any account for goods sold and delivered by the plaintiffs to Cornelius J. Fitzelle. The facts are sufficiently recited in the opinion then delivered. (*Picker* v. *Fitzelle,* 28 App. Div. 519.)

On the second trial the defendant sought to limit his liability by proving that before the sale of some of the goods he notified the plaintiffs that he revoked the guaranty and forbade any further sales on his credit. This evidence was excluded by the court on the ground that the guaranty being in writing could not be terminated by parol. We know of no requirement of law that the revocation of a guaranty must be in writing. The respondents contend that as the Statute of Frauds requires the guaranty to be in writing, the object of the statute would be defeated if the guaranty could be orally revoked. The object of the statute is fully met by the provision that a promise to answer for the debt of another must be in writing. This requirement exists by force of the statute alone, and as no restriction upon the right to terminate the liability orally exists at common law or by any statutory provision, and as there is nothing incident to the contract which requires written proof, the notice which the defendant sought to prove must be deemed sufficient.

The defendant possessed the undoubted right to terminate his liability at any time so far as concerned sales made thereafter, but of course such termination would have no effect upon sales made or contracted for in good faith prior to the notice. Guaranties of the class in question here " may be withdrawn on notice, in the

absence of anything in the guaranty to the contrary, and the guarantor will not be affected by any transaction between the principal obligor and the guarantee subsequent to the notice." (14 Am. & Eng. Ency. of Law [2d ed.], 1160. See, also, *Challenge Corn Planter Co.* v. *Diel*, 92 Hun, 165; *Agawam Bank* v. *Strever*, 18 N. Y. 502, 514; *Hunt* v. *Roberts*, 45 id. 691, 694; *McKecknie* v. *Ward*, 58 id. 541, 551; *Emery* v. *Baltz*, 94 id. 408, 414.)

We are unable to say from the record whether the revocation would have served to relieve the defendant from liability for any part of the plaintiffs' claim. The dates of the several sales do not appear, nor does the date of the revocation. The court refused to receive any proof on the subject, and we are, therefore, unable to determine what part of the bill, if any, was incurred for sales made subsequently to the notice. This can be made to appear on the new trial which is rendered necessary by reason of the erroneous ruling complained of.

The judgment and order should be reversed.

All concurred.

Judgment of the City Court of Yonkers reversed, and new trial granted, costs to abide the event.