(155 App. Div. 502.)

## VIDI v. UNITED SURETY CO.

(Supreme Court, Appellate Division, First Department.  March 7, 1913.)

1. STATUTES (§ 161*)—REPEAL.

   A later statute which covers the whole subject-matter of a former statute, and also includes new provisions, is deemed to repeal the former statute.

   [Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 230–234; Dec. Dig. § 161.*]

2. CARRIERS (§ 252*) — SALE OF TICKETS — BONDS ·BY BROKERS — REPEAL OF STATUTE.

   Laws 1907, c. 185, which required bonds for the holding and transmission of moneys to foreign countries, was amended by Laws 1908, c. 479, which was similar to the statute of 1907, except that it also required persons to give bonds who sold steamship tickets, and in connection therewith received money for' transmission to foreign countries or received money on deposit, and also required the bond to be conditioned for repayment of such deposits and required all corporations, etc., engaged in the business when the statute became effective to give bond on or before September, 1908.  *Held*, that the statute of 1907 was impliedly repealed by that of 1908, so as to substitute the latter in its place.

   [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1009, 1010, 1015; Dec. Dig. § 252.*]

3. PRINCIPAL AND SURETY (§ 51*)—CANCELLATION OF OBLIGATION—NOTICE.

   Even though no time be mentioned in a bond for the termination of liability thereunder, a surety can cancel it upon reasonable notice to the principal.

   [Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 97–100; Dec. Dig. § 51.*]

Appeal from Special Term, New York County.

Action by Giacomo Vidi, on behalf of himself and other creditors, against the United Surety Company, impleaded with another.  From an interlocutory judgment for plaintiff, defendant named appeals.  Reversed, and complaint dismissed.

Argued before INGRAHAM, P. J.,·and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

. Edwin Blumenstiel, of New York City, for appellant.

Charles Goldzier, of New York City, for respondent.

McLAUGHLIN, J.  Action to recover upon a statutory bond given by the defendant Polowe, Mogilewsky & Werner, a domestic corporation, as principal, and the United Surety Company as surety.  At the trial there was no dispute between the parties as to the facts.  They were, in substance, as follows: Prior to the 30th of July, 1907, Polowe, Mogilewsky & Werner were engaged in the city of New York in selling steamship tickets for transportation to foreign countries, and in connection therewith received deposits of money for transmission.  On that day it, as principal, and the Surety Company as surety, pursuant to chapter 185 of the Laws of 1907, executed a bond to the people of the state of New York, in the penal sum of $15,000, conditioned for the faithful holding and transmission to foreign countries of moneys de-

livered to it for that purpose. On the 16th of September, 1907, the bond was filed in the office of the Comptroller of the state of New York, pursuant to the statute under which it was given. On the 23d of May, 1908, chapter 185 of the Laws of 1907 was amended by chapter 479 of the Laws of 1908, which required a new and different bond to be given and filed in the office of the Comptroller on or before September 1, 1908. On the 9th of June, 1908, the United Surety Company gave Polowe, Mogilewsky & Werner notice that the bond which it had given under chapter 185 of the Laws of 1907 would not be continued after September 1st, and would be canceled as of that date. A similar notice was also given to the Comptroller of the state of New York. On the 13th of September, 1908, Polowe, Mogilewsky & Werner received from the plaintiff the sum of $204 for the purpose of transmitting the same, or its equivalent in Austrian money, to Maria Vidi at Pimçolo, in the empire of Austria. The money was not transmitted or returned to the plaintiff, and this action is brought to recover the same from the Surety Company upon the ground that it is liable therefor by reason of the bond sued on. Polowe, Mogilewsky & Werner did not appear in the action, and at the conclusion of the trial judgment was given against the Surety Company for the amount claimed. It appeals.

The Surety Company contends that its liability on the bond was terminated on September 1, 1908—13 days prior to the time the money sued for was deposited—not only by reason of the written notices which it gave, but also by virtue of the 1908 statute. The respondent contends, and this seems to have been the view adopted by the trial court, that since no time was mentioned in the bond when it would terminate, and there being no provision in the statute upon the subject, it continued and remained in force until a new bond was given, that no new bond was given, and plaintiff was, therefore, entitled to recover.

[1, 2] The statute of 1908, while in terms purporting to amend the statute of 1907, in effect repeals it. As I understand the rule, it is that where a later statute covers the whole subject-matter of a prior one, and also embraces new provisions, the prior statute will be deemed repealed. Matter of New York Institution, 121 N. Y. 234, 24 N. E. 378; Barker v. Town of Floyd, 61 App. Div. 96, 69 N. Y. Supp. 1109; Heal v. Richmond County Savings Bank, 127 App. Div. 428, 111 N. Y. Supp. 602; Schieffelin v. McClellan, 135 App. Div. 665, 120 N. Y. Supp. 215. The statute of 1908 was, in all respects, similar to the statute of 1907, except (1) it included among those required to give bonds, persons who sold steamship tickets and in connection therewith received money for the purpose of transmitting the same to foreign countries or received money on deposit; (2) it provided that the bond be conditioned not only for the faithful transmission, but for the repayment of such deposits; and (3) that all corporations, firms, and persons engaged in such business at the time the statute took effect should give the bond required "on or before September 1st, 1908." Polowe, Mogilewsky & Werner, irrespective of the notice which the Surety Company gave to it, could not receive money on deposit or for transmission after September 1, 1908, until it gave the bond provided in the stat-

ute of that year. It did not give such bond, and therefore, after September 1, 1908, it was in precisely the same position as though it had never given a bond at all. The bond here sued on was terminated on September 1, 1908, by the statute of that year. This the plaintiff was bound to know, and for that reason, when he made the deposit on September 13, 1908, he in no way relied upon the bond upon which the liability is here sought to be predicated.

[3] The defendant's liability for deposits received after September 1, 1908, was, at it seems to me, not only terminated by virtue of the statute, but also by reason of the written notice given. Even though no time be mentioned in the bond, a surety can cancel it upon reasonable notice to the principal. Emery v. Baltz, 94 N. Y. 408; Agawam Bank v. Strever, 18 N. Y. 502; Picker v. Fitzelle, 60 App. Div. 451, 69 N. Y. Supp. 902. Polowe, Mogilewsky & Werner had only paid the premium on the bond to September 1, 1908, and over two months before that time the Surety Company gave written notice it would not continue the bond after that date. No premium was thereafter paid, and both principal and surety acted upon the assumption that the bond was canceled and terminated on September 1st.

It does not appear that any other creditor of Polowe, Mogilewsky & Werner has come in and made himself a party to the action, and, therefore, since the facts are not in dispute, I am of the opinion the judgment should be reversed, with costs, and the complaint dismissed, with costs.

INGRAHAM, P. J., and LAUGHLIN and CLARKE, JJ., concur. SCOTT, J., concurs on second ground.