(85 Misc. Rep. 588)

ENGELHEIM v. ILLINOIS SURETY CO.

(Supreme Court, Special Term, New York County. May, 1914.)

CARRIERS (§ 252*)—PASSENGERS—BOND TO SECURE DEPOSITS—LIABILITY OF SURETY—REPEAL OF STATUTE.

Though Laws 1908, c. 479, under which a surety company gave a bond for money deposited for safe-keeping or shipment abroad, was repealed by the terms of the General Business Law (Consol. Laws, c. 20), there was no repeal in fact, but the former statute was continued and reclassified under the general scheme of consolidation as shown by Laws 1909, c. 596, and the surety company is liable on its bond.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1009, 1010, 1015; Dec. Dig. § 252.*]

Action by Gerson Engelheim, suing for himself and other creditors of Abraham Hayden, against the Illinois Surety Company. Report of referee confirmed.

Samuel Hoffman, of New York City, for plaintiff.
Nelson L. Keach, of New York City, for defendant.

PAGE, J. This is a motion to confirm a report of a referee duly appointed by an interlocutory judgment herein to ascertain the names of the creditors of Abraham Hayden and the amounts due to them for moneys deposited with him for safe-keeping or for transmission abroad in order to determine the liability of his surety, the defendant herein, upon a bond given pursuant to chapter 185 of the Laws of 1907 and chapter 479 of the Laws of 1908. The only question of law raised by the defendant in opposition to the motion is whether or not the defendant is liable upon its bond for money deposited with Hayden since the enactment of the General Business Law of the Consolidated Laws of 1909, which repealed the statute pursuant to which the bond in suit was given (Laws of 1908, c. 479) and re-enacted it in identically the same language. Gen. Business Law, art. 10. The defendant relies upon the case of Vidi v. United Surety Co., 155 App. Div. 502, 140 N. Y. Supp. 612, holding in effect that the amendment of the law by chapter 479 of the Laws of 1908 repealed the original statute, chapter 185 of the Laws of 1907, and terminated the liability of the surety upon a bond given under the old statute for deposits made since the repeal. An inspection of the decision in that case shows, however, that it was placed upon the ground that the Law of 1908 required a

new and different bond to be filed before the banker could continue in business, thus nullifying any bond given before the date named for the filing of the new bond. There is no such element in the case at bar, and though the statute of 1908, pursuant to which this bond was given, was in terms repealed upon the enactment of the Consolidated Laws, in legal effect there was no repeal, but merely a continuation of the former statute reclassified and placed in the position it was intended to occupy in the general scheme of consolidation. This is clearly shown by chapter 596 of the Laws of 1909, entitled "An act to prescribe the rules for the construction of the Consolidated Laws," enacted May 29, 1909, which states:

"Section 1. In construing the Consolidated Laws * * * for the purpose of determining the effect of any of the provisions or sections thereof on * * * any special law theretofore enacted, the several provisions and sections of such laws * * * shall not be considered as having been enacted or re-enacted by the Legislature at the time of the passage of the consolidated laws, * * * but as having been enacted as of the various times when such provisions and sections first became laws by any earlier statutes. * * *"

Thus the consolidation of the statutes of 1909 was merely a consolidation, and had no effect whatever upon the existing law. The repeal relied upon by the defendant was a repeal in form only, enacted in order to carry out the general plan adopted by the Legislature of bringing the laws together in more convenient form. The objection is accordingly overruled. The findings of the learned referee are, in my opinion, sufficiently supported by the evidence, and his report should be confirmed.

Ordered accordingly.