Nash, J.
 

 When the case of Pel eg Spencer vs. R. Moore, •and others, was before this Court at June Term 1850, an opinion was expressed by the Court, consisting of the same members that it now does, upon the question presented in this case, lljle. 160. It is true that it was then incidentally before us, and the decision of the cause was not made to rest upon it. His Honor, the Chief Justice, in delivering the opinion of the Court, observes,
 
 “
 
 the rule as to the presump-1 tion of death, is, that it arises from the absence of the person from his domicil, without being heard from for seven years. But it seems rather to be the current of the authorities, that the presumption is only that the person, is then dead, namely at the end of the seven years; but that the presumption does not extend to the death having occurred at the end, or any other particular time within that period, and leaves it to be
 
 *334
 
 judged of as a matter of fact according to the circumstances; which may tend to satisfy the mind, that it was at an earlier or later day.” So much of the opinio» in the above case is transferred to this, because what was then but intimated, we now express as our confirmed' opinion. The cases governing this were then examined and' referred to. We have again examined them, and after full deliberation see no cause to alter our opinion. In the case oí
 
 Doe
 
 and
 
 Nepean
 
 5 Ban and Ad. 886, the principle was more elaborately argued than any where else, and there it was laid down as stated above. The judgment was confirmed in error upon an appeal, 2 Mason and Wil. 894. To the doctrine so stated Mr Greenleafladdshisauthority,! — Greenleafi’sEv.Sec.41. See also Best on presumption, 191. As remarked by the Chief Justice in Moore’s case, the only authority we can find, conflicting with the above, is that of
 
 Smith v. Knowlton,
 
 11 New Hampshire R. 191. We do not feel justified upon it to depart from the authorities referred to. His Honor laid down the rule of law correctly according to the prayer of the defendant’s counsel. Where a party has been absent seven years, without having been heard of, the only presumption arising is that he is then dead, there is none as to the
 
 time
 
 of the death. If it become important to- any one to establish
 
 the precise
 
 time of such person’s death, he must do so by evidence of some sort, to be laid before the jury, besides the mere lapse of seven years, since
 
 being
 
 last heard from. This we consider the settled law and it would have been so declared in Moore’s case, but for the fact that its decision did not require it.
 

 Per Curiam. Judgment affirmed.