## GEORGE R. HUNTLEY *vs.* JOHN P. WHITTIER.

On a question whether a letter addressed to the defendant, who was a merchant, at the city of his residence, was received by him, a ruling that the mailing of the letter was *primâ jacie* evidence that it reached its destination, subject to rebuttal by the defendant's testimony, is correct.

CONTRACT to recover the price of velocipedes.   At the trial in the superior court, before *Scudder,* J., the evidence tended to show that some of the velocipedes were contracted for while in process of manufacture, and that the defendant never called for them.   The defendant contended that he never had notice that

they were completed, and that they never were offered or tendered to him. The plaintiff contended that he gave such notice by a letter, which he testified that he wrote and sent by mail directed to the defendant at Boston, where the defendant's place of business was. There was no evidence that the letter was directed to any particular place in Boston, and it was in evidence that the plaintiff had been to the defendant's place of business and knew where it was. The defendant testified that he never received any such letter.

" The defendant requested the judge to instruct the jury that mailing such a letter was not sufficient notice, unless they were satisfied that the defendant received the same. The judge gave this instruction ; and also instructed the jury that the mailing of the letter would be *primâ facie* evidence that it reached its destination, subject to rebuttal by the defendant's testimony."

The jury returned a verdict for the plaintiff for the whole sum claimed by him ; and the defendant alleged exceptions.

*G. Marston*, for the defendant.

*S. R. Townsend*, for the plaintiff.

GRAY, J. The depositing of a letter in the post-office, addressed to a merchant at his place of business, is *primâ facie* evidence that he received it in the ordinary course of the mails ; and where there is no other evidence, the jury should be so instructed. Parsons, C. J., in *Munn* v. *Baldwin*, 6 Mass. 316, 317. Parker, C. J., in *Groton* v. *Lancaster*, 16 Mass. 110, 112. Shaw, C. J., in *Dana* v. *Kemble*, 19 Pick. 112, 114. Gibson, C. J., in *Callan* v. *Gaylord*, 3 Watts, 321. *Oaks* v. *Weller*, 16 Verm. 63. *Russell* v. *Buckley*, 4 R. I. 525. 1 Greenl. Ev. § 40. 1 Taylor on Ev. (5th ed.) § 147.

The presumption so arising is not a conclusive presumption of law, but a mere inference of fact, founded on the probability that the officers of the government will do their duty, and the usual course of business ; and, when it is opposed by evidence that the letter was never received, must be weighed, with all the other circumstances of the case, by the jury, in determining the question whether the letter was actually received or not ; and the burden of proving its receipt remains throughout upon the party who

asserts it. *Crane* v. *Pratt*, 12 Gray, 348. *Greenfield Bank* v. *Crafts*, 4 Allen, 447.

In each of the two cases just cited, the ruling which was held to have been rightly refused was, in terms in the first case, and as understood by the court in the second, that the putting of a letter into the post-office raised a presumption not merely of fact, but of law, that is to say, a conclusive presumption, that it had been received. In the first case, the ruling that the mailing of the letter was only evidence to be weighed and appreciated by the jury with other evidence on that question was sustained upon the ground that it in substance embraced the proposition that the deposit of the letter in the post-office created of itself a presumption of fact, " slight or otherwise," that the letter was received by the person to whom it was addressed ; and the ruling affirmed in the second case was substantially similar. If the *dictum* of Mr. Justice Dewey in the second case, that in no other cases than those of notices to indorsers of commercial paper " the putting of a letter into the post-office is presumptive evidence of the fact of the receipt of such notice," can be construed as meaning anything more than that it does not, except in the case of negotiable paper, raise a presumption which cannot be rebutted, it is inconsistent with all the other authorities. The only case which he cited to that point was of a notice by the overseers of one town to those of another, to charge the latter with the settlement of a pauper, which was held not to be sufficiently proved by evidence of putting a letter into the mail, because municipal officers were not to be presumed, as merchants would be, to go daily to the post-office, and because a town was not obliged to pay the postage upon such a notice or upon its own answer thereto. *Groton* v. *Lancaster*, 16 Mass. 110.

At the trial of the present case, the jury were instructed in exact accordance with the law upon this subject ; for the instruction that the mailing of the letter would be *primâ facie* evidence that it reached its destination was accompanied and prefaced by an instruction that the mailing of the letter was not sufficient notice unless they were satisfied that the defendant received the same. *Exceptions overruled.*