J. C. BEST, Respondent, v. GERMAN INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, February 1, 1897.

1. **Insurance:** PROOFS OF LOSS: EVIDENCE: PRACTICE. The trial court did right in refusing a demurrer to plaintiff's case and sending the question of waiver of proofs to the jury.

2. ———: INCUMBRANCE: WARRANTY. The application put the incumbrance at $2,500, but in fact it was $3,000. The policy provided that on its receipt by the assured he should give notice of the mistake. *Held*, if such notice is given the error is cured.

3. ———: NOTICE BY LETTER: EVIDENCE. To establish notice by letter, the evidence must show that the letter was directed, stamped, and mailed, otherwise it is insufficient.

*Appeal from the Jackson Circuit Court.*—HON. E. L. SCARRITT, Judge.

REVERSED AND REMANDED.

*Harrison & Harrison* for appellant.

(1) Where there is no proof of loss, as the defendant claims there is not in this case, or if there was a proof of loss, whether it was sufficient or not, is a question for the court, and it is the duty of the court to take the case from the jury unless a waiver has been shown. *Sheehan v. Ins. Co.*, 53 Mo. App. 351 at 356, 357; *Maddox v. Ins. Co.*, 56 Mo. App. 343, 347; *Gould*

*v. Ins. Co.*, 90 Mich. 302; s. c., 51 N. W. Rep. 455, and 52 N. W. Rep. 754; *Ehrlich v. Ins. Co.*, 103 Mo. 231, at 245¾. (2) The only evidence (if any) that there was a waiver of proofs was that the adjuster was at plaintiff's place in November, 1893; the fire having occurred August 21, 1893. Beside plaintiff had plenty of time in which to make his proofs after his attorney was cited to the terms and conditions in the policy for what was required as to proofs of loss. *Cohn v. Ins. Co.*, 62 Mo. App. 271, and authorities cited. *Bolen v. Fire Ass'n*, 58 Mo. App. 225, and authorities cited; *Leigh v. Ins. Co.*, 37 Mo. App. 542; *Hanna v. Ins. Co.*, 36 Mo. App. 538, at 542, and authorities cited. (3) The burden of proof is on plaintiff to establish that he has complied with the terms and conditions of the policy. *Siebert v. Chosen Friends*, 23 Mo. App. 268, at 272⅔. (4) There was no competent evidence that the plaintiff had written a letter to the company, when he received the policy. As to the warranty, as to the amount of incumbrance, as no notice was served on the company to produce such a letter (if one had been written) it would have been the best evidence of what he wrote. And it would not have been admissible if he did write such a letter and if he had have had it produced, as he declared on the contract showing his warranty of the incumbrance, and in his reply did not plead the contract as supposed to have been changed by his writing such a letter. *Washington & Co. v. Railroad*, 58 Mo. 372, 374, 375, 378; *Manufacturing Co. v. School District*, 54 Mo. App. 382, at 376, and authorities cited; *Ehrlich v. Ins. Co.*, 103 Mo. 231, at 240, 241, 245. (5) There was then a breach of warranty as to the amount of incumbrance on the building and plaintiff can not recover the amount or proportion of the buildings. *Cook v. Ins. Co.*, 38 Mo. App. 582; *Bernard v. Ins. Co.*, 27 Mo. App. 26, at 27¾; *Maddox v. Ins. Co.*, 56 Mo.

App. 343; *Brooks v. Ins. Co.*, 11 Mo. App. 349; *Hallo-way v. Ins. Co.*, 48 Mo. App. 1, and authorities cited.

*J. A. Prewitt* for respondent.

(1) The trial court committed no error in over-ruling defendant's demurrer to the evidence. *Summers v. Ins. Co.*, 45 Mo. App. 53; *Erwin v. Ins. Co.*, 24 Mo. App. 153; *Oakey v. Ins. Co.*, 29 Mo. App. 111; *Hag-gard v. Ins. Co.*, 53 Mo. App. 103. (2) There was ample evidence to support a finding that the conduct of defendant amounted to a waiver of any proof of loss other than such as plaintiff had furnished. 2 Wood on Ins. [2 Ed.], p. 970, sec. 443; *Probst v. Ins. Co.*, 64 Mo. App. 484; *Porter v. Ins. Co.*, 62 Mo. App. 520; *Arnold v. Ins. Co.*, 55 Mo. App. 149; *Loeb v. Ins. Co.*, 99 Mo. 50. An offer of settlement is competent evidence on the question of waiver. *Stavinow v. Ins. Co.*, 43 Mo. App. 513; *Dautel v. Ins. Co.*, 2 Mo. App. Rep. No. 11, p. 1255; 65 Mo. App. 44; *Porter v. Ins. Co.*, 62 Mo. App. 529; *Haggard v. Ins. Co.*, 53 Mo. App. 103; *Fink v. Ins. Co.*, 60 Mo. App. 678; *Stipel v. Ins. Co.*, 55 Mo. App. 224–233; *Probst v. Ins. Co.*, 64 Mo. App. 484. (3) There was no objection, whatever, made to the proofs of loss furnished by plaintiff nor did defendant complain that no proof was furnished although plaintiff expressed his willingness and desire to furnish promptly any additional proofs required by defendant. Defendant's silence on that point alone, after being requested to speak, is equivalent to waiver. *McCul-lough v. Ins. Co.*, 113 Mo. 607; *Clark v. Ins. Co.*, 61 Mo. App. 184; *Cromwell v. Ins. Co.*, 47 Mo. App. 115; *Dautel v. Ins. Co.*, supra. (4) The defendant's objec-tion that evidence of waiver of breach of warranty was inadmissible under the pleadings, was not well taken. *McCullough v. Ins. Co.*, supra, 113 Mo. 616 (bottom

page) and cases cited. There was no breach of warranty. *Shell v. Ins. Co.*, 60 Mo. App. 644, and cases cited; *Parsons v. Ins. Co.*, 132 Mo. 583–600. Plaintiff's testimony that he wrote defendant a letter correcting the mistake in the application concerning the amount of the incumbrance, was competent evidence. *Cromwell v. Ins. Co.*, 47 Mo. App. 113—same on rehearing, p. 115; *Shell v. Ins. Co.*, 60 Mo. App. 649.

ELLISON, J.,—This is an action on a fire insurance policy covering plaintiff's residence and some personal property, for loss occurring August 21, 1894. The judgment below was for plaintiff.

The main defense to the policy consists in two points: One that plaintiff had not made proofs of loss as required by the policy, within thirty days; the other, that he made a false warranty as to the amount of incumbrance on the real estate at the time of taking the policy.

INSURANCE: proofs of loss: evidence: practice.

As to the first defense, we are satisfied the court did right in refusing defendant's demurrer and finally submitting the question of waiver of proofs to the jury under proper instructions.

As to the second defense, the statement and warranty by plaintiff was that the property was incumbered by a mortgage for $2,500, whereas it was, in fact, incumbered by a mortgage for $3,000. This was a substantial breach of the warranty and avoids the policy as to the real estate, unless relieved by the following considerations: The policy provided that any mistake therein discovered by the policy holder should be made known to the company by notice. Plaintiff concedes that the true amount of the incumbrance was $3,000, and that he notified the defendant thereof when he discovered it on receipt of the policy, which he had received through

——: incumbrance: warranty.

the mail. If he did so notify the company, it makes the policy valid, both for the reason that notice was provided for, and that the company continued for a long time afterward, in various ways, to recognize the contract of insurance as valid and never objected to its continuance, or in anywise intimated that the contract was not in force.

But plaintiff's proof of notice was simply that he "wrote to the company at Freeport, Ill.," on December 30, 1892. There was no evidence that defendant ever received the letter. Plaintiff says he never heard from defendant in response to the letter. The evidence was insufficient to make a *prima facie* showing of notice. The plaintiff should have shown that the letter was properly addressed, stamped, and deposited in the mail. 2 Wharton, Evid., sec. 1323; *Huntley v. Whittier*, 105 Mass. 391; *Briggs v. Hervey*, 130 Mass. 187.

——: notice by letter: evidence.

The case of *Crowell v. Ins. Co.*, 47 Mo. App. 109, does not sustain plaintiff. In that case, the proof showed the letter to have been directed, stamped, and mailed. Since the state of the evidence is not such as to disclose that plaintiff made all the showing that can be made as to the matter of notice, we will not reverse the case absolutely, but will remand it for trial. It would perhaps be well for plaintiff to amend his petition showing the facts as to the matter of mistake in the incumbrance and the notice. Reversed and remanded. All concur.