JOHN G. BRAGAW v. SUPREME LODGE KNIGHTS AND LADIES OF HONOR. (Kentucky Corporation).

(Decided March 14, 1899).

*Service of Notice by Mail—Presumption—Judge's Charge.*

1. Where there is evidence tending to show that a notice, capable of service by mail, was enclosed in a letter, properly addressed to the proper party, with postage prepaid, and deposited in the post office—these are matters for the consideration of the jury, and if established to their satisfaction, there is a presumption that the notice was received, in the absence of evidence to the contrary—and this presumption amounts to *prima facie* proof of service of the notice.

2. Where his Honor correctly charges the law in such case, but afterwards uses expressions implying that notwithstanding this presumption, the question of service was still an open one for the jury—these expressions impair the force of his charge, are misleading and subject to exception.

CIVIL ACTION upon a certificate of life insurance in the sum of $1,000, payable to the plaintiff upon the death of his wife, Annie C. Bragaw, tried before *Hoke, J.,* at Fall Term, 1898, of the Superior Court of BEAUFORT County.

The defendant was a corporation, under the laws of Kentucky, for benevolent and charitable purposes, and had subordinate Lodges in other States, among them Pamlico Lodge, in Washington, N. C., of which the plaintiff and his wife became members. By its charter the defendant was empowered to issue certificates to participate in the relief fund of the Order, payable at death to the beneficiary named therein upon compliance with certain conditions. The plaintiff was the beneficiary named in a certificate issued to his wife, and at her death brought this suit, on demand and

refusal to pay. The defence was that the subordinate Lodge of Pamlico had defaulted in meeting assessments or other stipulated engagements, and had been suspended by action of the Supreme Lodge, and that the requisite notice of the suspension had been properly served.

Plaintiff and wife had met their personal obligations, but Pamlico Lodge had defaulted and had been suspended.

There were numerous exceptions taken by defendant and noted, to the charge as given and as refused, but for the purposes of this appeal they were winnowed down to the single question—whether proper notice of the suspension was served on Pamlico Lodge by the Supreme Lodge.

The evidence and charge relative to this question appear in the opinion and concurring opinion.

There were verdict and judgment for the plaintiff; appeal by defendant.

*Messrs. Charles F. Warren* and *J. L. Bridgers,* for defendant. (appellant).

*Mr. John H. Small,* for plaintiff.

FURCHES, J., delivers the opinion.

FAIRCLOTH, C. J., delivers a concurring opinion.

FURCHES, J.   While the law may have been properly stated in the charge of the Court, it was done in such a way as to mislead the jury.

The case turned upon the question as to whether the local Lodge has bee served with notice of suspension by the Grand Lodge. And this seems to be the view taken by his Honor who tried the case. There was no evidence that such notice had been actually received by the local Lodge, and the defendant relied on constructive notice. The defendant contended that it properly mailed a notice of suspension, and that this was constructive service upon the subordinate Lodge, and that

BRAGAW *v.* SUPREME LODGE.

plaintiff had offered no evidence to rebut this presumption. This seems to have been the way the Court understood the law. But the evidence as to mailing the notice was not such as authorized the Court to charge the jury, that if they believed the evidence the notice had been mailed, as the law required it should be, to create the presumption of service. And we think this question was properly left with the jury to find whether it was mailed or not. It seems to us that the Court, in one part of the charge, sufficiently instructed the jury that, if the notice was properly addressed and put in the post-office, with postage paid, then the law would presume a service.

But in a long charge, answering a great many prayers for instructions, he repeatedly said, "Was this notice served on Cherry? (the secretary). Did he receive it? This is the question." In this way, it seems to us, the jury were most likely left with the impression that it was necessary for the defendant to show that Cherry actually received the notice. For this reason there ought to be a new trial.

New trial.

FAIRCLOTH, C. J., concurring. The defendant was duly incorporated by the laws of the State of Kentucky to promote benevolence and charity by establishing a relief fund for the relief of its members, and paying stipulated sums to their families in the event of death, when they have complied with the lawful requirements of the Supreme Lodge It is authorized to permit the establishment of grand and subordinate Lodges in different States, with power to prescribe by-laws and regulations for such Lodges, to make assessments and receive dues from such Lodges for the "relief fund." It has the power to suspend these subordinate Lodges when they fail to comply with its laws and regulations. The organization and procedure of

these Lodges are prescribed in detail by the Supreme Lodge, and copies thereof furnished each Lodge for its guidance, and among these it is provided that when the Lodge receives money from its members in payment of assessments, and in all acts performed in complying with the laws of the relief fund, the subordinate Lodge and its officers are the agents of the members and not the agents of the Supreme Lodge.

The subordinate Lodges are required to hold frequent meetings and to report their acts and doings, and to remit assessed dues promptly to the Supreme Lodge, on pain of suspension for failure to perform the duties required by the regulations.

Pamlico Lodge, No. 715, organized at Washington, N. C., elected its officers, among them one Cherry as its secretary and financial secretary.

The plaintiff and his wife, Annie C., were members and paid their dues regularly to the said Cherry until her death, July 5, 1895. The plaintiff now sues for the amount of her policy. According to the uncontradicted deposition of the Supreme Secretary of the Supreme Lodge, on November 1, of said Pamlico Lodge, No. 715. This suspension is author-Lodge, pursuant to the regulations. These assessments were never paid, nor any since. About December 20, 1889, in consequence of such failure, Pamlico Lodge, pursuant to regulations, was suspended by the Supreme Lodge, and notice thereof was caused to be issued and mailed to the secretary of said Pamlico Lodge, No. 715. This suspension was authorized by the laws and regulations, section 12 (3), page 36, for non-payment of assessments, but the charter or dispensation shall not be forfeited until the subordinate Lodge shall have been notified of its offense by the Supreme or Grand Secretary. The Supreme Secretary of the Supreme Lodge says in his deposition: "I did cause a suspension notice to be issued and mailed to the secretary of said Pamlico Lodge, No. 715.

The case, with the evidence, was submitted to the jury, and his Honor charged the jury at length. On reading the evidence introduced by both parties, it is manifest that the members of Pamlico Lodge were guilty of negligence in failing to perform their duties as required by the regulations, and in failing to require their secretary to make reports to them. The financial secretary of Pamlico Lodge, Cherry, was guilty of gross negligence in failing to report and forward the monies he had collected to the Supreme Lodge, and of gross negligence and bad faith to the members of his Lodge in receiving their money and failing to account for it to either Lodge.

C. M. Brown, plaintiff's witness, and a member of the Lodge, testified: "Cherry left here a day or two after Mrs. Bragaw's death. No books were kept by him that I saw. No reports were made by him. No trustees supervised his conduct or received his report. It was left pretty much to Cherry to run it. We supposed he was accounting. He absconded and has not been found. After Cherry fled I looked for the books of the Lodge at his place of business and failed to find them. No books of the Lodge could be found in the hands of any one. If there was any examination of Cherry's books and accounts for several years prior to the death of Mrs. Bragaw, I do not know it. I don't know that Cherry gave any bond in that Lodge."

The third issue was: "Was there a valid and proper suspension of the rights of Pamlico Lodge to share in relief fund at the time of the death of Annie C. Bragaw?" At the trial the question of notice of suspension became important and material. His Honor, after stating the contentions of the parties, told the jury: "In order to create a valid and proper suspension under this plan of organization and under the bylaws of the company, three things were necessary to be established on the part of the defendant. It must show that there

was default on the part of the local Lodge in its operation. It must show that suspension of the local Lodge was declared by the Supreme Lodge before it becomes effective.   Service by mail in this case is sufficient, provided it was *received by Cherry or the local Lodge.*   By reason of the default, and in orderto make it efficient, it must show that a notice was *served* upon the subordinate Lodge."   He then said, if the evidence is believed, there was a default and suspension had been declared, and proceeds: "So that the question of suspnsion of the local Lodge, its valid suspension, would turn on the question as to whether there had been a proper notice of that suspension and action of the Supreme Lodge *served* upon this local Lodge."   His Honor stated that it is a prin-. ple that if the paper was properly addressed, with postage prepaid, and was put in the office, there is a presumption that it reached the party to whom it was addressed, and that there would be no evidence here to show he did not receive it; and further: "But with this fact in view I leave the jury to say whether this notice was *received* by the company or not. The language of the deposition is that he caused notice of the suspension to be mailed to the secretary of Pamlico Lodge, No. 715.   Was it served on Cherry?   It is not sufficient for them to issue notice.   It is incumbent in making suspension that they not only issue, but cause it to be *served* on the local Lodge.   On the other hand, if defendant has not satisfied you that this notice was *received,* and has failed to satisfy you that this notice was *served,* then, as heretofore explained in this charge, you should answer this issue 'No,' that there was no proper suspension of this Lodge."

It appears throughout this charge that the jury must be satisfied, not only that the notice was duly mailed, but also that it was received by the addressee.   So that the jury might be satisfied that it was duly mailed, and still say that it was

not received, whereas there is not a *scintilla* of proof that it was not received. When a letter is duly mailed, it is presumed that it reaches its destination and is received by the party to whom it is addressed. This is a presumption of fact and may be rebutted by evidence, to be considered by the jury. This presumption is an inference of fact, founded on the probability that the government officials will do their duty, and the usual course of business. When a person absents himself for seven years, and is not heard of, the presumption arises that he died at some time during the seven years, and, if nothing appears to the contrary, the presumption stands and is acted on in the course of business. *Spencer v. Roper,* 35 N. C., 333. The depositing of a letter in the post-office, addressed to a merchant at his place of business, is *prima facie* evidence that he received it in the ordinary course of the mails, and where there is no other evidence the jury should be so instructed. *Huntley v. Whittier,* 105 Mass., 391. This principle is sustained in several cases by opinions written by PARSONS, C. J., PARKER, C. J., SHAW, C. J., and others. The same proposition is laid down in *Dana v. Kemble,* 19 Pick., 112; *Starr v. Torrey,* 22 N. J. Law, 190; *Howard v. Daly,* 61 N. Y., 362; *Austin v. Holland,* 69 N. Y., 571.

The error in the charge was in allowing the jury to find as a fact that the suspension of the Lodge was not valid and proper, for the reason that no notice thereof was *received* by the Lodge or its secretary. Under the charge the jury might be satisfied that the notice was duly mailed, and still find that it was not received, although there was a total absence of such proof, and thus deprive the defendant of the benefit of the presumption in its favor. We cannot say that the jury did so, but we can see that they had the opportunity to do so without disregarding their instructions.

There are numerous other exceptions, but, as we must order another trial, it is unnecessary to consider them.

New trial.