### 8939.   RAWLEIGH MEDICAL CO. v. BURNEY et al.

1. Evidence that a letter was mailed to a named person does not raise a presumption that he received it, unless there is also evidence that the letter was properly addressed and duly stamped.

2. The evidence in the case at bar, showing simply that the letter in question was "mailed" to the plaintiff, and being entirely silent as to whether it was stamped, no presumption arose that the plaintiff received it; and in view of the uncontradicted testimony that the letter was never delivered to the plaintiff, the verdict in favor of the defendants was without evidence to support it.

3. Where, as in this case, the contract of guaranty is executory, and is in form continuing, and provision has been made therein for withdrawal by the guarantor, he has the legal right to withdraw therefrom, and will not be held liable for any indebtedness incurred after giving notice that he intends no longer to stand as guarantor; since a revocation may be effected by the voluntary act of the guarantor, if the consideration for the guaranty is not executed.   20 Cyc. 1479; Hyland v. Habich, 150 Mass. 112 (22 N. E. 765, 6 L. R. A .383, 15 Am. St. R. 174); Kernochan v. Murray, 111 N. Y. 309 (18 N. E. 868, 2 L. R. A. 183, 7 Am. St. R. 744); Howe Mach. Co. v. Farrington, 82 N. Y. 121.  See also Strauss v. Pearlman, 15 Ga. App. 86 (82 S. E. 578).

4. The assignments of error not dealt with above are without substantial merit, or the questions raised by them are not likely to recur on another trial.

DECIDED JULY 11, 1918.

Action upon guaranty; from Jasper superior court—Judge Park. May 5, 1917.

Hardeman, Jones, Park & Johnston, Harry S. Strozier, for plaintiff.   Greene F. Johnson, for defendants.

LUKE, J.   As we view this case, its adjudication turns upon the question whether or not three named guarantors were released from their obligations as such because one of them wrote a letter addressed and mailed to the creditor, withdrawing from the guaranty.   It is uncontradicted in the record that the guarantors entered into a written contract by which they undertook to guarantee the account of L. D. Moore.   Subsequently Moore died a bankrupt, leaving no estate, and was at that time indebted to the plaintiff in the sum of $546.40.   Suit on the contract of guaranty was thereafter brought against the three guarantors; and the sole defense pleaded was that inasmuch as one of them wrote a letter to the plaintiff, withdrawing from the guaranty, they were all released.   The testimony adduced was that this letter was written, addressed, and mailed.   However the evidence was entirely silent

as to whether it was duly stamped. On the other hand, the secretary of the plaintiff company swore positively and unequivocally that no such letter was ever received by it.

It is the settled rule in this State that before the presumption of delivery or receipt of a letter arises, it must appear that it was properly addressed, duly stamped, and mailed. All of these facts must be affirmatively shown by the party asserting the mailing of the letter. In the case of *National Building Asso.* v. *Quin,* 120 *Ga.* 358 (47 S. E. 962), it was held that evidence that a letter was written to a given person does not authorize the presumption that he received it, unless the evidence shows also that the latter was properly addressed, duly stamped, and mailed. The Supreme Court approved this ruling in *Burch* v. *Americus Grocery Co.,* 125 *Ga.* 153 (3), 158 (53 S. E. 1008), and in *Bankers Mutual Casualty Co.* v. *Peoples Bank,* 127 *Ga.* 326 (2), 327 (56 S. E. 429); and the Court of Appeals followed these decisions in the late case of *Barnett* v. *Floyd County Nova Kola Bottling Co.,* 18 *Ga. App.* 413 (89 S. E. 490). See also, in this connection, 1 Gr. Ev. 137, note 2; 35 Albany Law Journal, 82; Equitable Life Assur. Soc. v. Frommhold, 75 Ill. App. 43; Best v. Berman Ins. Co., 68 Mo. App. 598; 2 Whart. Ev. § 1323; Huntley v. Whittier, 105 Mass. 391 (7 Am. R. 536); Briggs v. Hervey, 130 Mass. 187.

Able counsel for the defendants in error, apparently recognizing that it is no longer an open question in this State that before the presumption arises that a letter has been received by an alleged addressee, the prerequisite facts that the letter was properly addressed, duly stamped, and mailed must be affirmatively shown by the sender, argued with much force that the word "mailed," when applied to a letter, means that it was properly prepared for transmission in the due course of mail, and was placed in the custody of the officer charged with the duty of forwarding the mail; and that since there was uncontradicted testimony that the letter in the instant case had been "mailed" to the plaintiff, it was sufficient evidence that it had been properly directed, stamped, and delivered to the officials of the postal department for proper transmission; and that therefore the presumption arose that the plaintiff, to whom it was addressed, received it. In support of this contention numerous foreign authorities are cited, which we have carefully examined. However, the Supreme Court of this State in the

case of *Bankers Mutual Casualty Co.* v. *Peoples Bank,* supra, expressly declined to follow the line of foreign authority referred to, and reversed a judgment solely because it did not appear that the letter in question was *stamped* and because there was positive evidence that it was never received by the alleged addressee. In that case it was said: "There are some authorities which hold that the word 'mailed,' when used in reference to sending matter through the mails of the United States, carries with it the presumption that the postage due on such matter has been paid. See Rolla State Bank *v.* Pezoldt, 95 Mo. 404 (69 S. W. 51); Words & Phrases, 4275; Pier *v.* Heinrichshoffen, 67 Mo. 169. But in the decision in *National Building Asso.* v. *Quin,* supra, that meaning does not seem to be given to the word 'mailed,' it being there used to describe the mere act of depositing a letter in the mails. In this sense there might be such a thing as the mailing of an unstamped letter. The presumption that a letter has been received when intrusted to the mail for delivery is a presumption arising from the regularity in the method of business adopted by the postal authorities. In order for this regularity to take place, certain things must be done by the party depositing the matter for carriage in the mail; and therefore the presumption that a letter or parcel has reached its destination ought not to arise until it affirmatively appears that that which the postal authorities require to insure carriage and regularity has been done."

The effect of what is said above is that unless it appears affirmatively that a letter has been properly addressed, duly stamped, and deposited in the mail, no presumption of the receipt of the letter will arise; and there being in the present case no evidence whatever that the letter in question was stamped, there was no presumption that it was ever received. On the other hand, there was direct uncontradicted evidence that the plaintiff company did not receive it. The verdict in favor of the defendants is therefore without evidence to support it, and the judgment overruling the plaintiff's motion for a new trial is for this reason reversed.

*Judgment reversed. Wade, C. J., and Jenkins, J., concur.*