Harold J. Crawford, J.
This action was tried by the court without a jury.
The plaintiff is a corporation engaged in the wholesale distribution of food and food products to retail food stores and supermarkets. The action is based upon a written guarantee for merchandise shipped and credit extended to Paramount Merrick, Inc. (hereinafter referred to as “Paramount”), now a bankrupt, which guarantee was executed by the defendants, Harry B. Siegel and Joseph Weinberg on March 15, 1956.
The guarantee provided that the defendants were to be jointly, severally and unconditionally liable for the full payment to plaintiff of any and all obligations and liabilities of Paramount to the plaintiff either theretofore or thereafter incurred. At the time the guarantee was executed Paramount was indebted to the plaintiff in the sum of $34,245.27. The plaintiff had declined to extend any further credit to Paramount unless the defendants, the sole stockholders of Paramount, jointly and severally personally guaranteed all past and future indebtednesses of Paramount. The guarantee inter alia provided for the joint and several liability for the “ full, prompt *953 and unconditional payment” to plaintiff of ££ every obligation and liability ’ ’ of the corporation ‘1 either heretofore or hereafter incurred.” In addition, it provided that the “ guarantee shall be construed as an absolute continuing unconditional and unlimited guarantee, without regard to regularity, validity or enforceability of any liability or obligation of the Corporation hereby guaranteed ” and that ££ This agreement cannot be changed orally. ’ ’
Prior to the trial certain facts were stipulated in a writing dated February 9,1959, which materially narrowed the issues.
The defendant Siegel, by amended answer, set forth as a defense his adjudication in bankruptcy. The court finds that this defendant has sustained the burden of establishing his adjudication and discharge in bankruptcy and that his obligation to plaintiff under the subject guarantee has been terminated. As to said defendant the complaint is dismissed as is also the counterclaim asserted by him.
The defendant Weinberg’s separate answer asserts four defenses. The first, a partial defense, alleges a security deposit by the corporate debtor with the plaintiff in the nature of a setoff to the claimed indebtedness. The amount thereof was stipulated in the stipulation of agreed facts dated February 9, 1959, referred to above, and in any event the language of paragraph 6 of the written guarantee bars the defendant Weinberg’s attempt to assert the setoff in question. The second defense is one of payment. This is belied by the agreed statement of facts. In the third defense the defendant Weinberg asserts a modification and discharge of his joint and several obligation under the guarantee. This alleged modification, however, was not only oral and, therefore, unenforcible, but under the terms of the guarantee ineffective since it was there provided that it£ £ cannot be changed orally.”
The fourth defense asserted by the defendant Weinberg is based upon the alleged knowledge of the plaintiff that as of April 25, 1956, said defendant was no longer an officer, director or stockholder or active in the business of Paramount and that this knowledge in and of itself released the defendant Weinberg from his obligation under the written guarantee as to shipments made by plaintiff after allegedly acquiring said knowledge. The court holds that, assuming without finding that plaintiff had knowledge of the change in Weinberg’s status with respect to Paramount, the guarantor Weinberg was not relieved from the continuing guarantee merely by this change of circumstances. (White’s Bank of Buffalo v. Myles, 73 N. Y. 335.) The guarantee was an absolute, continuing and unlimited one *954 and the court finds that the said defense is insufficient as matter of law and as a matter of fact.
Upon all of the evidence the court finds that the plaintiff has established its complaint against the defendant Weinberg by a fair preponderance of believable proof and is entitled to judgment against him for the sum of $51,288.14, plus the sum of $1,500 which the court finds to be the fair and reasonable value of attorneys’ fees and expenses in accordance with the terms of the guarantee.
The foregoing constitutes the decision of the court pursuant to section 440 of the Civil Practice Act.