■ ASSOCIATED FOOD STORES, INC., Respondent, v. HARRY B. SIEGEL, Defendant, and JOSEPH WEINBERG, Appellant.— In an action to recover upon an agreement of continuing guarantee, the defendant Joseph Weinberg appeals from a judgment of the Supreme Court, Queens County, entered October 1, 1959, against him, in favor of plaintiff, for the total sum of $62,496.45, after trial before the court without a jury. This sum includes $51,288.14 as the principal amount found to be due under the guarantee; $9,488.30 interest thereon; $1,500 for attorney's fees; and $220 as costs. Judgment modified on the law and the facts by striking out from its second decretal paragraph the said total sum, principal amount and interest and by substituting therefor $41,534.44 as the principal amount, $7,742.58 as the interest and $50,997.02 as the total sum. As so modified, judgment affirmed, without costs. Findings of fact contained in the Trial Term's decision, insofar as such findings may be inconsistent herewith, are reversed and new findings are made as indicated herein. Under common law a continuing guarantee could be terminated orally (*Emery* v. *Baltz,* 94 N. Y. 408; *United States Print. & Lithograph Co.* v. *Powers,* 206 App. Div. 114; *Picker* v. *Fitzelle,* 60 App. Div. 451; 4 Williston, Contracts [rev. ed.], § 1253, pp. 3589, 3592; 38 C. J. S., Guaranty, § 36, pp. 1174–1175). The agreement of guarantee did not contain a provision that the guarantee was not to be terminated orally, and, therefore, section 33-c of the Personal Property Law (see, particularly, subd. 3, par. [c] thereof) is inapplicable and the above-mentioned common-law rule governs. However, this avails defendant Weinberg nothing, since in our opinion he failed to establish that he effectuated an oral termination of the guarantee (cf. *United States Print. & Lithograph Co.* v. *Powers, supra; Roselamb Tanning Co.* v. *Weiss, Rosenberg & Kaminsky, Inc.,* N. Y. L. J., November 18, 1954, p. 8, col. 2). "Cancellation or rescission of a contract must be clearly expressed" (*Metallograph Corp.* v. *Arma Eng. Co.,* 205 App. Div. 100, 104; see, also, *Frank Associates* v. *John J. Ryan & Sons,* 281 App. Div. 665). It must be "unqualified and positive", "express and absolute" (*Rogers-Pyatt Shellac Co.* v. *Starr Piano Co.,* 212 App. Div. 792, 798). Defendant Weinberg should have been allowed credit for the amount of the monetary security that the principal obligor had deposited with the plaintiff. Although the general rule is that such an offset is not allowable to a surety if the principal obligor be not a party to the action (*Gillespie* v. *Torrance,* 25 N. Y. 306; *Loring* v. *Morrison,* 15 App. Div. 498; *Segar, Inc.,* v. *1967–1975 Ocean Ave. Realty Corp.,* 127 Misc. 805; 4 Williston, Contracts [rev. ed.], § 1251, p. 3582), nevertheless here the credit should be allowed as an exception to the rule in view of the fact that the principal obligor was adjudicated a bankrupt (4 Williston, Contracts [rev. ed.], § 1251, p. 3583). Such allowance is fortified by the principle that, if defendant Weinberg had paid the obligation under the guarantee, he would have been entitled to be subrogated to the principal obligor's right to recover said monetary security from the plaintiff. (*State Bank of Lock Haven* v. *Smith,* 155 N. Y. 185, 198; see 4 Williston, Contracts [rev. ed.], § 1266, p. 3621.) Nolan, P. J., Beldock, Christ, Pette and Brennan, JJ., concur. [20 Misc 2d 952.]