Argued February 3, affirmed March 15, 1967

# D. N. & E. WALTER & CO., *Respondent, v.*
# VAN DOMELEN ET AL, *Appellants.*

425 P. 2d 166

*DeMar L. Batchelor,* Hillsboro, argued the cause

for appellants Van Domelen, and *Neal W. Bush,* Hillsboro, argued the cause for appellant Susbauer. With them on the brief were Schwenn and Bradley, Hillsboro, for appellants Van Domelen.

*Ralph W. Bolliger,* Beaverton, argued the cause for respondent. With him on the brief were Myatt, Bolliger & Lewis and Lewis E. Myatt, Beaverton.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, DENECKE and FORT, Justices.

## McALLISTER, J.

In this action plaintiff recovered a judgment against the defendants as guarantors of certain indebtedness due plaintiff by a third person. The defendants appeal.

The plaintiff, Walter & Co., is a national wholesaler of carpeting and drapery. In May, 1962, plaintiff began to sell goods to Sharon Manufacturing Co., an Oregon corporation, on a limited credit arrangement, and Sharon became one of plaintiff's largest Oregon accounts. In early 1963 Sharon requested additional credit and offered to have the defendants Susbauer and Van Domelen guarantee Sharon's account. The Van Domelens were the father-in-law and mother-in-law of Sharon's president, George Danner. Susbauer later was employed by Sharon and for a time kept its books.

In February, 1963, a guaranty of all indebtedness due to plaintiff by Sharon was signed by Susbauer, and a like guaranty was signed by the Van Domelens. Each guaranty provided that it might be revoked as to subsequent transactions by written notice to plaintiff. On March 3, 1964, Susbauer, by letter, revoked

his guaranty as to all transactions subsequent to that date. On August 21, 1964, plaintiff filed this action in the circuit court for Washington county to recover from the defendants the amount owing by Sharon as of July 31, 1964. Shortly thereafter Sharon filed a petition in bankruptcy.

The case was tried before a jury, but after both parties rested the court granted plaintiff's motion for a directed verdict and entered judgment against Van Domelens for $42,749.40, the amount owing by Sharon on July 31, 1964, and a judgment against Susbauer for $31,671.44, the amount owing by Sharon on March 3, 1964. Both defendants have appealed.

By their first assignment of error defendants contend in substance that plaintiff's business records showing the amount owing to plaintiff by Sharon were not admissible to establish the amount of defendants' liability to plaintiff. There is considerable doubt whether this issue was adequately called to the attention of the trial court, but we prefer to dispose of the issue on the merits.

Defendants do not challenge the identification, mode of preparation, or regularity of the business records; in fact, they do not seriously challenge the amount of the indebtedness owing to plaintiff by Sharon as shown by said records. Defendants object only on the narrow ground that the amount of their liability to plaintiff cannot be established solely by plaintiff's business records of its account with Sharon.

■■ We find no merit in defendants' contention. Plaintiff's business records were not offered to prove that defendants had guaranteed Sharon's account. That fact was judicially admitted in defendants' answers. The issue was the amount owing by Sharon to plaintiff. Defendants concede that in an action against

Sharon plaintiff's business records would be competent to prove the amount owning to it by Sharon. We know of no reason why the same records were not competent to prove the same fact in an action against defendants as Sharon's guarantors. The Uniform Business Records as Evidence Act[①] is broadly drafted and contains no language suggesting the limitation urged by defendants. As this court has pointed out, the statute was intended to expand the business records exception to the hearsay evidence rule. *Douglas Creditors Ass'n v. Padelford,* 181 Or 345, 351, 182 P2d 390 (1947); *Gallagher v. Portland Traction Co.,* 181 Or 385, 392, 182 P2d 354 (1947).

■ Defendants' objection to the introduction of plaintiff's business records included no criticism of the source of information, or of the method or time of the preparation of the records. The admissibility of the records was discretionary with the trial court, and there was no abuse of that discretion in this case. *Cascade Lbr. Terminal v. Cvitanovich,* 215 Or 111, 119, 332 P2d 1061 (1958).

There is no merit in defendants' second assignment of error. The trial judge in announcing his decision informed counsel of his interpretation of several entries in plaintiff's ledger as transfers to "profit and loss." The accuracy of the court's interpretation of the entries was not challenged in the court below and is not challenged here.

■ Finally, the Van Domelens argue that the trial court should have held that the "release" of defendant Susbauer operated to release the Van Domelens, and cite the annotation in 53 ALR 1420 (1928), entitled "Release of one of several joint or joint and several

---

① ORS 41.680-41.700.

contract obligors as affecting liability of other obligors." This argument erroneously assumes that Susbauer was released from his obligation by plaintiff. There was no such release. On March 3, 1964, Susbauer revoked his continuing guaranty as to any subsequent extensions of credit by a letter to plaintiff in accordance with the contract. The contract provided that "[s]uch notice of revocation shall be effective only as to the person giving such notice." We think that the express agreement that revocation by one guarantor would not affect the liability of the other guarantors renders any general rule to the contrary inapplicable. The contract provisions amounted to a waiver in advance of the defense now urged. *Enterprise Hotel Co. v. Book,* 48 Or 58, 62, 85 P 333 (1906). For cases holding that revocation of a continuing guaranty by one guarantor did not discharge the other guarantors see *Westveer v. Landwehr,* 276 Mich 326, 267 NW 849 (1936), and *Klatte v. Franklin State Bank,* 211 Wis 613, 248 NW 158 (1933). The trial court did not err in directing a verdict against the defendants.

The judgment is affirmed.