43460.    HAYNIE v. FIRST NATIONAL BANK
OF ATLANTA et al.

ARGUED FEBRUARY 5, 1968—DECIDED MAY 10, 1968.

*Sanders, Mottola & Haugen, A. Burt Rutledge,* for appellant.
*Hansell, Post, Brandon & Dorsey, Hugh M. Dorsey, Jr., Mc-Chesney H. Jeffries, Holcombe Green, Robert B. Harris, R. J. Armstrong,* for appellees.

EBERHARDT, Judge. ■ In resolving this question we must consider whether the contract of guaranty was entire or severable. If it was entire, as will be seen from the discussion that follows, there could be no revocation. If it was severable and revocable we must then determine whether, under the counter showing, a revocation was effected.

There is an entire consideration only when all of it passes at the time of the execution of the contract, but when the guaranty is to apply not only to indebtednesses already incurred, but as

well to future obligations, as was the case here, it is divisible and separable. *Code* § 20-112. Cf. *Broxton v. Nelson,* 103 Ga. 327 (30 SE 38, 68 ASR 97); *Hunnicutt & Bellingrath Co. v. Van Hoose,* 111 Ga. 518 (36 SE 669); *Burns v. Mitchell,* 55 Ga. App. 862 (191 SE 870).

Guaranties are of two kinds: First, where the entire consideration from the creditor passed at the time of the signing of the contract: second, where the consideration passes at different times, and is therefore divisible or separable. Bennett v. Checotah State Bank of Checotah, 176 Okla. 518 (56 P2d 848). Thus, where, as here, the guaranty is to cover not only obligations already incurred, but, as well, obligations "hereafter coming into existence," it is a divisible or separable contract.

2. Where the guaranty is for an entire consideration it is not revocable; *aliter* if separable or divisible. American Oil Co. v. Wigley, 251 Miss. 275 (169 S2d 454); Danby v. Osteopathic Hospital Assn. of Delaware, 34 Del. Ch. 172, 427 (101 A2d 308, 104 A2d 903); Commonwealth Trust & Savings Bank v. Hart, 268 Ill. App. 322; American Chain Co. v. Arrow Grip Mfg. Co., 235 NYS 228 (134 Misc. 321). Cf. *Rawleigh Medical Co. v. Burney,* 22 Ga. App. 492 (3) (96 SE 578); *Sulter v. Citizens Bank &c. Co.,* 51 Ga. App. 798 (181 SE 694).

■ At common law a contract of guaranty, though in writing itself, could be revoked or terminated by parol, but where the instrument provides otherwise a revocation or termination must be in accordance with its terms. Meadow Brook National Bank v. Feraca, 224 NYS2d 846. In accord with this principle it was held that a notice to the creditor that an individual guarantor had severed his connections with the corporation whose obligations were the subject matter of the guaranty did not serve as a notice of revocation of his guaranty, since *the guaranty was not conditioned upon his status as an officer or stockholder of the corporation.* Manufacturers' Finance Co. v. Rockwell, 278 Mass. 502 (180 NE 224). And where the president and the treasurer of a corporation guaranteed its obligations, a notice from the president asking a return of the guaranty with the request that the creditor "please do not ship any merchandise on our guaranty, hereafter," did not relieve the treasurer of his continuing obliga-

tion as a guarantor. James Talcott, Inc. v. Levy, 123 Pa. S. 94 (186 A 251).

The notice of revocation or termination must be clearly expressed, unqualified, positive and absolute. Associated Food Stores, Inc. v. Siegel, 205 NYS2d 208; Rogers-Pyatt Shellac Co. v. Starr Piano Co., 209 NYS 727, 733. If the notice is given by one of several guarantors, in full compliance with the requirements of the contract, it is effective only as to him, and can not affect the liability of the others. Klatte v. Franklin State Bank, 211 Wis. 613 (248 NW 158, 249 NW 72); D. N. & E. Walter & Co. v. Domelen (Ore.) 425 P2d 166.

The contract now before us provides that it "is a continuing agreement and shall remain in force until a written notice revoking it has been received by the bank; but such revocation shall not release the undersigned from liability for any and all obligations of the principal then in existence, or from any renewals or extensions thereof, in whole or in part, and whether such renewals are made before or after such revocation."

The contract provides that it is a joint and several obligation, and this provision is sufficient to permit any of the several guarantors to terminate his obligation *in futuro* by the giving of a specific written notice that he is doing so. All guarantors having signed, each is bound by this as well as other terms and provisions of the contract. D. N. & E. Walter Co. v. Domelen, 425 P2d 166, supra.

There was no written notice from Haynie to the bank of his termination or revocation of the guaranty; only a notice from the corporation that he had terminated his connection with it and that his authority to sign for the corporation had terminated. Thus, he could no longer sign checks drawn on its account, nor could he sign notes as a corporate officer to bind the corporation; but nothing terminated his right to sign for himself as guarantor of the corporate obligations, his status as a guarantor or his continuing liability under the contract. It appears that Manufacturer's Finance Co. v. Rockwell, 278 Mass. 502, supra, is on all fours with this situation, and an even stronger case is James Talcott, Inc. v. Levy, supra. This notice was certainly not in compliance with the guaranty contract.

Nor is the bank estopped by a statement claimed to have been made by one of its officers to Haynie that the notice was sufficient. In his affidavit Haynie asserts that *"while on the conduct of other business* at the Decatur Branch office of the plaintiff I was advised by W. Warren Woolsey, its senior officer, that the letter was sufficient to constitute written notice of revocation as to me of the guaranty agreement. . ."* This negates the requirement that in order to bind a corporation by acts of or notice to its officer or agent it must appear that it be done "while the officer or agent was acting for it in connection with its business, and within the scope of his agency." *Ga. Power Co. v. Kinard,* 47 Ga. App. 483, 487 (170 SE 688) ; *Employers' Fire Ins. Co. v. Penna. Millers Mut. Ins. Co.,* 116 Ga. App. 433, 437 (157 SE2d 807). Moreover, the statement alleged to have been made by Woolsey was nothing more than an opinion as to the legal effect of the notice that Haynie had terminated his connection with the corporation, by which the bank could not be bound, and upon which Haynie could not rely. *Webb v. Jones,* 221 Ga. 754 (3) (146 SE2d 910). This evidence, being inadmissible, had no probative value and the court was not authorized to consider it. *Wells v. Metropolitan Life Ins. Co.,* 107 Ga. App. 826, 834 (131 SE2d 634) ; *Benefield v. Malone,* 112 Ga. App. 408 (2) (145 SE2d 732).

Thus, since we conclude that there was no effective revocation of the guaranty by Mr. Haynie, entry of the summary judgment was proper.

*Judgment affirmed. Whitman, J., concurs. Felton, C. J., concurs specially.*

Felton, Chief Judge, concurring specially. I concur in the judgment and in all that is said in the opinion except that under the terms of the guaranty agreement it is my opinion that *one* guarantor could not, under the terms of the agreement, revoke the *whole* agreement. There was no provision for the revocation of part of the agreement by one guarantor. The provision of the guaranty agreement upon which the plea of estoppel is based is as follows: "This is a continuing agreement and shall remain in force until a written notice revoking *it* has been received by the bank; but such revocation shall not release the undersigned

from liability for any and all obligations of the principal (as hereinbefore defined) then in existence, or from any renewals or extensions thereof, in whole or in part, and whether such renewals or extensions are made before or after such revocation." (Emphasis supplied.) The above agreement only provides for the revocation of the *entire* guaranty agreement and contemplates a revocation as to all signers of the agreement because the agreement is one unit including the terms of the instrument and all signers thereof. The agreement does not mean that *one* guarantor may revoke *it* as to his obligations alone. The revocation provided for is of the whole instrument including a revocation of the instrument as to *all* guarantors signing the instrument. Both the plea of estoppel and the supporting evidence fail to show that there is a genuine issue of fact for the reason that there is no showing that the entire instrument of guaranty, which would be required to release Haynie, would have been revoked, or should have been, by the mere unilateral attempted revocation by Haynie alone.