SAMUEL CLARK, JR. et als. *vs.* CARL A. ANDERSON.

Cumberland.    Opinion October 23, 1923.

*The same rules govern in construing guaranties as other contracts, and in case of*
*ambiguity the language is construed most strongly against the guarantor.    The*
*intention of the parties controls and the circumstances under which, and the*
*purposes for which, the contract was made, may be proved, and*
*must be kept in view in its construction.*

In the instant case the "obligation" which was to "continue until you are notified
in writing of the withdrawal therefrom," was defendant's obligation to con-
tinue to guarantee payment of renewal notes; and by his notice of July 1, 1921,
he withdrew from his obligation to guarantee of any notes thereafter received
in renewal of existing notes; and the notice of withdrawal cannot be considered
as avoiding his liability as guarantor of notes then outstanding.

If the language used is ambiguous and admits of two fair interpretations, and the
guarantee has advanced his money upon the faith of the interpretation most
favorable to his rights, that interpretation will prevail in his favor.

On report on an agreed statement.    An action to recover damages for breach of a written contract.    The question involved was the construction to be given to the last sentence of the written contract which read as follows:    "This obligation shall continue until you are notified in writing of the withdrawal therefrom."    The case was reported to the Law Court on an agreed statement of facts.    Judg-ment for the plaintiff for the amount of the seven notes set out in the writ and agreed statement as unpaid, with interest according to their tenor, allowing credit for the dividend thereon received in bankruptcy.

The case is stated in the opinion.

*Clement F. Robinson and Arthur L. Robinson,* for plaintiffs.

*Pattangall, Locke and Perkins and John B. Roberts,* for defendant.

SITTING:· CORNISH, C. J., HANSON, PHILBROOK, MORRILL, WILSON, DEASY, JJ.

MORRILL, J.   Action of covenant broken upon a sealed instrument of the following tenor:

"Portland, Maine,
April 6th, 1921

D. W. TRUE & Co.,·
      Portland, Me.

Gentlemen:

In consideration of your selling merchandise and giving credit therefor, to Albert B. Anderson of Stockholm, Me., I hereby guarantee the payment to you of all indebtedness now owing D. W. True & Co., this indebtedness to be made into notes signed by A. B. Anderson with the privilege of renewal until fully paid.

This obligation shall continue until you are notified in writing of the withdrawal therefrom.

CARL A. ANDERSON (Seal)"

Witness
      M. L. BUCK

The case is presented for final decision upon the writ, amended pleadings, and an agreed statement of facts.

On July 1, 1921, the defendant sent the plaintiffs a letter, which was duly received, in which he said that he withdrew from said agreement.   On that date plaintiffs held seven notes of Albert B. Anderson to the face amount of $7,311.82, representing his indebtedness to them on April 6, 1921, and demand for payment of these , notes was made upon defendant by plaintiffs after receipt of said letter.   Albert B. Anderson was adjudicated a bankrupt upon his own petition filed July 22, 1921.

That the first paragraph of this instrument of April 6, 1921 was an express guaranty of payment of the then existing indebtedness of·Albert B. Anderson· to plaintiffs, and of the notes into which it might be converted as therein stipulated, is not questioned; no question is raised as to acceptance of the guaranty, or as to demand on defendant.

The defendant contends that the final sentence of the instrument in question, viz.: "This obligation shall continue until you are notified in writing of the withdrawal therefrom," gave him a right to avoid any liability thereon by notifying the plaintiffs of his withdrawal therefrom, and that said withdrawal terminated any liability of the defendant as guarantor or otherwise under said agreement.

This contention is not tenable; it does violence to the intention of the parties as disclosed by the terms of the undertaking, construed in the light of the circumstances. We should not adopt a construction, if it can be avoided, which renders the action of the parties ineffective, and leaves the plaintiffs who have relied upon the guaranty, without remedy.

This court is committed to the view that guaranties are governed by the same rules of construction as other contracts; that in case of ambiguity the language is construed most strongly against the guarantor; that it is the duty of the court to ascertain and give effect to the intention of the parties; that to arrive at that intention the circumstances under which, and the purposes for which, the contract was made, may be proved, and must be kept in view in its construction. *Smith* v. *Loomis*, 72 Maine, 51, 54. *Hines & Smith Co.* v. *Green*, 121 Maine, 478, 481.

The defendant argues that he has a right to stand upon the terms of the contract; that, if his construction be the true one, and the contract of guarantee is thereby rendered worthless and was worthless at the start, it is the plaintiffs' misfortune; they should not have accepted the contract. It may be conceded that the defendant has the right to stand upon the terms of the contract (*Miller* v. *Stewart*, 9 Wheat., 680, 703); but the question is one of construction; what in view of all the facts was the understanding and intention of the contracting parties, as declared in the instrument.

"If the language used be ambiguous and admits of two fair interpretations, and the guarantee has advanced his money upon the faith of the interpretation most favorable to his rights, that interpretation will prevail in his favor." *Lawrence* v. *McCalmont*, 2 How., 426, 450, quoted in *Maine Red Granite Co.* v. *York*, 89 Maine, 54, 56, as supporting the proposition that the words are to be taken as strongly against the party giving the guaranty as the sense or meaning of them will allow.

But without resorting to a strained construction of the language of the contract, we think that it is not difficult to ascertain the intention of the parties, and by reasonable interpretation make the contract effective.

On April 6, 1921, the credit of Albert B. Anderson was exhausted; the plaintiffs were willing to extend further credit to him, provided the defendant would guarantee payment of Albert's indebtedness to them then existing, amounting to about seventy-three hundred dollars; the defendant was willing to furnish that guaranty provided said indebtedness could be put in the form of notes, with the privilege of renewal until they were paid. This was the arrangement made by the parties for aiding Albert B. Anderson, and adhered to by plaintiffs who, relying upon the guaranty, "honored all requests of Albert B. Anderson for selling and delivering to him merchandise and did sell and deliver to him merchandise upon credit to the total amount of eight hundred forty-two dollars and twenty cents from April 9, 1921 to June 23, 1921," as the agreed case shows, and renewed his notes until defendant's letter of July 1, 1921 was received.

But it was manifestly for the interest of defendant to be in a position to terminate his liability as guarantor of payment of future renewals whenever he became convinced that his aid was useless and that Albert could not extricate himself from financial difficulties. This was the right which he reserved by the last sentence of the agreement, which directly follows the provision for renewal of the notes.

The "obligation" which was to "continue until you are notified in writing of the withdrawal therefrom," was defendant's obligation to continue to guarantee payment of renewal notes, and by his notice of July 1, 1921, he withdrew from his obligation to guarantee payment of any notes thereafter received in renewal of existing notes; but that notice of withdrawal cannot be considered as avoiding his liability as guarantor of notes then outstanding. Such a construction would permit the defendant to avoid his contract as soon as it was executed, and cannot be adopted against those who, if it prevail, will have been misled to their injury. *Lawrence* v. *McCalmont,* supra.

> *Judgment for the plaintiffs for the amount of the seven notes set out in the writ and agreed statement as unpaid, with interest according to their tenor, allowing credit for the dividend thereon received in bankruptcy.*