GRAND RAPIDS SAVINGS BANK *v.* RENIHAN.

BILLS AND NOTES—ACCOMMODATION INDORSER—RENEWALS—ESTOP-
PEL—BANKRUPTCY OF MAKER.

> Defendant, president of corporation and accommodation indorser
> of its note to plaintiff, is estopped to claim in suit on note
> brought after bankruptcy of maker that plaintiff had violated
> alleged agreement to apply proceeds of sale of certain of its
> machinery on said note where he indorsed a renewal for full
> amount thereof after passage of ample time in which to
> ascertain that said proceeds had been applied on other in-
> debtedness of maker to plaintiff for which he was not liable.

Appeal from Kent; Perkins (Willis B.), J. Sub-
mitted January 5, 1934. (Docket No. 73, Calendar
No. 37,483.) Decided March 6, 1934.

Assumpsit by Grand Rapids Savings Bank against
Joseph Renihan as indorser of a promissory note.
Judgment for plaintiff. Defendant appeals. Af-
firmed.

*Butterfield, Keeney & Amberg* and *R. Dale Law,*
for plaintiff.

*Norman A. Lilly,* for defendant.

EDWARD M. SHARPE, J. This is an appeal by de-
fendant from judgment for plaintiff in an action to
recover from the defendant as accommodation in-
dorser on a certain promissory note, of which the
following is a copy:

"Grand Rapids, Mich.  November 24, 1931  No. 88697
  Sixty days after date we promise to pay to the
order of the

                    Grand Rapids Savings Bank
at its office in Grand Rapids, Michigan
Five thousand and 00/100 dollars                    $5,000
Value received with interest at the rate of six and
one-half per cent. per annum.
                         MULTI-SELECTO PHONOGRAPH, INC.
                         V. I. Cilley, Sec'y-Treas.
                         (On Back)
"The undersigned indorsers hereby expressly
waive demand of payment, notice of non-payment,
protest and notice of protest of the within note.
                                   JOSEPH RENIHAN
"Date Paid         Payment      Payment      Balance
                   of int.      of prin.     of prin.
Dec. 12, 1931                     3.25        4,996.75
                                               55.93
                                            ─────────
                                            5,052.68"

Prior to January 27, 1931, when the original note
of which this is a renewal was given, defendant was
a stockholder and director of the Multi-Selecto
Phonograph, Inc., and was an indorser on $35,000
of the Multi-Selecto's notes to the Grand Rapids
National Bank. About this time arrangements were
made to transfer this account to the plaintiff bank
and plaintiff bank agreed to loan the Multi-Selecto
$35,000 without defendant's indorsement to take up
the notes at the National Bank as they became due.
Plaintiff bank also made an additional loan to the
phonograph company of $15,000. On January 16,
1931, the phonograph company, at a special meeting
of the board of directors, authorized its officers to
execute a mortgage to plaintiff bank in the sum of
$50,000 on the lands, buildings and machinery of the
company and on January 27, 1931, the mortgage was
duly executed by the company. This mortgage did
not cover the note now in question. In October, 1931,

and while defendant was president of the company, a piece of machinery covered by the mortgage was sold for $4,000. By agreement between the officers of the bank and the general manager of the company, the proceeds of this machinery were assigned to the bank, and the bank through its officers credited this amount upon the mortgage. In August, 1931, other goods of the company were sold to the extent of $477.76 and the proceeds applied on interest on the mortgage. November 24, 1931, when the original $5,000 note was renewed, defendant again indorsed. In February, 1932, the phonograph company became bankrupt, and in March, 1932, this suit was begun upon the renewal note.

Defendant claims an agreement was made with plaintiff bank when the note dated January 27, 1931, was executed that it was to be covered by the real estate mortgage but by mistake of plaintiff it was omitted therefrom, and that when the mistake was called to the attention of plaintiff bank by defendant it was agreed that the note would be paid from the first moneys received from the sale of any of the property covered by the mortgage to plaintiff and the balance, if any, applied upon the mortgage.

Plaintiff claims that no such agreement was made or, if made, that defendant is estopped from asserting the same since he indorsed the renewal note after application of the proceeds of the mortgaged property contrary to such alleged agreement. Plaintiff also claims that evidence of such an oral agreement as asserted by the indorser is inadmissible as it would vary the terms of a written, unqualified contract of indorsement.

Regardless of any question of parol variation of a written contract, this case is governed by the doctrine of estoppel. As stated by this court in *Kole* v. *Lampen,* 191 Mich. 156, 157:

"It is a familiar rule of law that an estoppel arises when one by his acts, representations, or admissions, or by his silence when he ought to speak out, intentionally or through culpable negligence induces another to believe certain facts to exist and such other rightfully relies and acts on such belief, so that he will be prejudiced if the former is permitted to deny the existence of such facts. * * * 11 Am. & Eng. Enc. Law (2d Ed.), pp. 427, 428."

The same principle was announced in slightly different language in *Hubbard* v. *Shepard*, 117 Mich. 25, 27 (72 Am. St. Rep. 548):

"The doctrine of estoppel rests upon the inequity of permitting one to allege the existence of facts which by his own conduct he has induced another to believe do not exist."

The note in question in this case is dated November 24, 1931, and is a renewal of previous notes. The payment chiefly relied on by defendant was for machinery sold in October, 1931, and paid for by a check on a St. Louis bank which was turned over to plaintiff bank in October, 1931. Whether or not defendant had actual knowledge before November 24, 1931, that the collection had been made and the proceeds applied on the mortgage, he would be bound to know that ample time for collection had passed and to make inquiry as to the application of the payment. Not having done so, he is now estopped to claim that plaintiff violated an alleged agreement as to application of the payments.

When the defendant in his capacity as president of the phonograph company gave the renewal note, he knew that the $4,000 payment had been applied upon the mortgage, or, by the exercise of ordinary care and diligence, could have discovered that fact. Not having asserted a contrary agreement at that

time, he waives such defense and cannot now set it up to defeat a recovery on the renewal note.

Judgment affirmed, with costs.

NELSON SHARPE, C. J., and POTTER, BUTZEL, and BUSHNELL, JJ., concurred with EDWARD M. SHARPE, J. NORTH, FEAD, and WIEST, JJ., concurred in the result.