*In re* VISSCHER'S ESTATE.

FIRST STATE BANK OF HOLLAND *v.* ESTATE OF VISSCHER.

1. GUARANTY—TERMINATION OF CONTINUING CONTRACT.

Bonds given by country club and signed by its directors as sureties, which were, by their terms, continuing guaranties and constituted designated sureties as guarantors continued until terminated by some action of the parties.

2. SAME—DEATH—NOTICE—REVOCATION.

Death of guarantor under continuing bonds guaranteeing payment of country club's notes and renewals, payable to bank, *held*, to work revocation of the guaranties as far as such guarantor or his estate were concerned.

3. SAME—WAIVER—BILLS AND NOTES—RENEWAL—DEATH OF GUARANTOR—NOTICE.

Action of payee of note, after notice of death of one of guarantors under bond guaranteeing payment thereof, without giving notice to representatives of his estate and without acquiescence upon part of estate, in mere acceptance of new note and pay-

ment of interest on old note when latter became due rather than holding estate on old note in effect at time of guarantor's death *held*, to effect waiver of right to enforce payment from his estate.

4. SAME—DEATH—RENEWAL—CONSIDERATION—RATE OF INTEREST.

Renewal note, given payee after death of guarantor and notice of his death, *held*, supported by sufficient consideration to release his estate from continuing contract of guaranty notwithstanding rate of interest was not increased.

Appeal from Ottawa; Miles (Fred T.), J. Submitted January 8, 1936. (Docket No. 8, Calendar No. 38,623.) Decided April 6, 1936. Rehearing denied May 11, 1936.

In the matter of the estate of Raymond Visscher, deceased. First State Bank of Holland presented its claim for sums due on a promissory note and bond. Grand Rapids Trust Company and Ann G. Visscher, testamentary trustees, filed objections thereto. Claim denied. Claimant appealed to circuit court. Claim denied. Claimant appeals. Affirmed.

*Paul E. Cholette,* for claimant.

*Starr & Starr,* for defendant.

TOY, J. On May 29, 1925, the Holland Country Club was indebted to appellant in the amount of $12,500. On that date a bond was executed to appellant by the country club as principal and by eight directors of the club, including Raymond Visscher, as sureties, in the sum of $15,000. The bond was declared to be binding upon the principal and sureties thereof and their "successors, heirs, executors, and administrators, jointly and severally" and contained the following provisions:

"The condition of this obligation is such that whereas, the above named principal, the Holland Country Club, has borrowed from said First State Bank of Holland the sum of $12,500 for which it has made, executed, and delivered to said bank its promissory notes, and

"Whereas, said Holland Country Club desires to borrow additional money from time to time and make, execute and deliver therefor its promissory notes to said bank not to exceed in all the sum of $15,000 and to renew said notes from time to time.

"Now Therefore, if said Holland Country Club shall well and truly pay all of such promissory notes together with interest thereon or any renewals of the same as the same become due and payable, then this obligation shall be null and void, otherwise of full force and of binding effect."

Later, the country club desired to borrow from appellant additional money and on December 23, 1925, another bond, in the sum of $5,000, was executed between the same parties named in the first bond, with the addition of one other director as surety, and like the first, it was declared to be binding upon the parties thereto, their "successors, heirs, executors and administrators, jointly and severally." This second bond provided:

"The condition of this obligation is such that whereas, the above named principal, the Holland Country Club, desires to borrow additional money from time to time and to execute therefor its promissory notes to said bank not to exceed the sum of $5,000 and to renew said notes from time to time.

"Now Therefore, if said Holland Country Club shall well and truly pay all of such promissory notes together with interest thereon or any renewals of the same as the same become due and payable, then this obligation shall be null and void, otherwise, of full force and of binding effect."

In 1927, the obligations of the country club to the bank were consolidated into one promissory note for $20,000, and thereafter renewal notes for that amount were given from time to time by the country club to the appellant, and the interest paid thereon. It was stipulated and agreed between the parties, in the court below, that the country club renewed the note due on July 30, 1929, by giving a new note for a period of six months, with interest at six per cent. per annum.* On November 9, 1929, and while the last-named renewal note was in existence, the surety Raymond Visscher died. It is conceded that appellant had "immediate and prompt" notice of his death.

On January 30, 1930, the appellant accepted another renewal note from the country club, payable six months from that date, bearing interest at six and one-half per cent. per annum. The interest on the note, dated July 30, 1929, was paid and that note canceled. No notice was given to the defendant estate of this renewal, nor was its consent obtained thereto.

On March 24, 1930, the appellant filed in probate court a contingent claim for $20,000 based upon the note dated January 30, 1930, and upon the bonds hereinbefore described. The record discloses no further action had on this contingent claim.

On July 30, 1930, the note dated January 30, 1930, was canceled, after the payment of the interest thereon, and the bank accepted another renewal note from the country club, due January 30, 1931, bearing interest at six and one-half per cent. per annum. This last note is now being held by appellant as "past due." The record discloses that $1,500 has been paid as principal on the latter note since the date of its maturity, together with interest on the same to May 23, 1933.

---

* See opinion on denial of motion for rehearing, *post,* 477.—RE-PORTER.

Appellant filed a petition in probate court, dated August 16, 1933, setting forth its claim as being in the amount of $20,000. Objections were duly filed thereto. The probate court, after a hearing, entered an order disallowing the claim on the stated ground that the renewal of the note on January 30, 1930, discharged the estate from liability. On appeal to the circuit court, the claim was again disallowed, whereupon the claimant appealed to this court.

The question in this case is whether the acceptance of the renewal note by the bank (appellant), after the death of Visscher, one of the guarantors, released his estate from liability on the bonds. We are constrained to answer in the affirmative.

The bonds, given by the country club and signed by its directors as sureties, were, by their terms and effect, continuing guaranties and constituted the designated sureties thereon, including Raymond Visscher, guarantors. The bonds were continuing in their effect and covered renewals made from time to time by the principal debtor, the country club. By their terms they continued until terminated by some action of the parties. The bank could have terminated them by refusing to accept renewals or make extensions. Any guarantor could have revoked them by proper notice to the bank. The death of Visscher, coupled with the notice thereof to the bank, worked a revocation of the guaranties, as far as Visscher or his estate were concerned. When the six-months' note of the country club, dated July 30, 1929, became due on January 30, 1930, the bank had notice of Visscher's death. Its duty, if it desired to hold the estate of Visscher liable, was to enforce its claim upon the note existent at that time. Instead, it elected to accept a new note, bearing an increased rate of interest,* and when that note became due,

---

\* See opinion on denial of motion for rehearing, *post,* 477.—Reporter.

receive the payment of interest thereon, and again accept a renewal thereof. This action was taken without any notice to the representatives of the Visscher estate, nor was there any acquiescence upon the part of the estate therein.

The renewal note of January 30, 1930, and its successor, present the essentials of a binding contract. They were definite as to time, and were for a valid consideration. The increase of the rate of interest from six per cent. to six and one-half per cent. per annum was sufficient consideration.*

By its action in accepting the note of the country club, dated January 30, 1930, the bank waived its right to enforce payment from the defendant.

While much authority might be cited to sustain our decision, we think our holding in *Re Kelley's Estate*, 173 Mich. 492 (Ann. Cas. 1914D, 848), to be direct in point and sufficient in scope to meet the question before us.

In view of our holding it is unnecessary to consider the other assignments of error submitted by the appellant. The judgment of the circuit court is affirmed, with costs to defendant.

North, C. J., and Fead, Wiest, Butzel, Bushnell, Edward M. Sharpe, and Potter, JJ., concurred.

### On Motion for Rehearing.

Per Curiam. Our opinion was filed in this case on April 6, 1936. We stated therein that:

"It was stipulated and agreed between the parties, in the court below, that the country club renewed the note due on July 30, 1929, by giving a new note for a period of six months, with interest at six per cent. per annum."

Based on such premise we called attention to the note dated January 30, 1930, bearing interest at

---

* See opinion on denial of motion for rehearing, *post*, 477.—Reporter.

six and one-half per cent., as a note "bearing an increased rate of interest," and later in our opinion said,

"The increase of the rate of interest from six per cent. to six and one-half per cent. per annum was sufficient consideration."

The appellant now makes application for rehearing and says that the note of July 30, 1929, bore interest at six and one-half per cent. instead of six per cent. and that the "stipulation of fact in regard to the interest rate of the note of July 30, 1929, was entered into as the result of the mutual mistake of the parties," and claims that a rehearing should be granted because thereof.

Counsel for appellee, in their brief in opposition to rehearing concede that the stipulation in regard thereto was in error. That stipulation, as appears in the record before us read:

"That on said July 30, 1929, said Country Club executed and delivered to said bank its renewal promissory note dated said July 30, 1929, for $20,000 and payable six months after date with interest at six per cent. and such renewal note was accepted by said bank."

It is obvious that the statements in our opinion relative to an increased rate of interest were in accordance with the stipulated facts of the record then before us. It now appears on this application for rehearing that the parties made such stipulation in error. But should rehearing be granted because of such change in the facts before us? We think not. An examination of the whole record satisfies us that sufficient consideration existed to make the renewal note a binding contract, regardless of an increase in the rate of interest. We are satisfied with the disposition reached of the case, and, taking this occasion to correct the error in the opinion as pointed out, we deny rehearing.