WESTVEER v. LANDWEHR.

SAME v. KIRCHEN.

1. PRINCIPAL AND SURETY — DEATH — RENEWAL NOTES — NOTICE — ACQUIESCENCE.

Notes given to and accepted by payee after death of one of several sureties on continuing bond given to secure payment of previously executed note for which later notes were given *held*, renewals upon which remaining sureties were liable where they also had notice of such death but; by failing to terminate liability by proper notice to payee, acquiesced in remaining on the guaranty.

2. SAME—ACCEPTANCE OF RENEWAL—RELEASE.

Acceptance of renewal notes by payee after notice of death of a surety on continuing bond guaranteeing payment of original and renewal notes released estate of deceased surety from liability thereon.

3. SAME—ESTOPPEL TO DENY CONDITIONAL LIABILITY.

Surety on bond given by directors of country club for payment of club notes and renewals thereof, who executed original bond reciting it was signed on condition all directors signed it, who signed additional bond referring to original one and who actively participated in financial affairs of club in securing renewals of notes *held*, estopped to deny validity of original bond on ground one director had not signed it.

Appeal from Ottawa; Miles (Fred T.), J. Submitted April 28, 1936. (Docket No. 112, Calendar No. 38,924.) Decided June 16, 1936.

Separate actions of assumpsit by William Westveer and others, trustees of segregated assets of First State Bank of Holland, against Edgar G. Landwehr and Charles Kirchen on bonds and renewal notes. Cases consolidated for trial and appeal. From judgments for plaintiffs against both defendants on one bond only, all parties appeal. Judgment against defendant Landwehr remanded for entry against him on both bonds. Judgment as to defendant Kirchen affirmed.

*Paul E. Cholette,* for plaintiffs.

*Charles K. Van Duren (Arther Van Duren,* of counsel), for defendant Landwehr.

*Elburn Parsons (Arthur Van Duren,* of counsel), for defendant Kirchen.

Toy, J. These are two actions, brought by plaintiffs against the respective defendants, which have been consolidated for purposes of trial and of appeal.

Two bonds in the respective sums of $15,000 and $5,000 were executed by the Holland Country Club

as principal, and by directors of the club as sureties, to guarantee the payment of moneys loaned and to be loaned by the First State Bank to the club.

The terms of the respective bonds as well as many of the circumstances pertinent to a complete understanding of the issues here involved are set forth in our recent decision, *In re Visscher's Estate,* 275 Mich. 472, and need not be here repeated.

The first bond, $15,000 in amount, was executed by the principal and seven directors of the country club as sureties, including Mr. Visscher, now deceased. Defendant Kirchen was named in this bond as one of the sureties, but never signed the instrument.

The second bond, executed approximately seven months after the first, was $5,000 in amount and was executed by those executing the first bond and by defendant Kirchen.

The suit against Kirchen is based on the second or $5,000 bond, and the cause against Landwehr is based on both bonds.

Trial without jury was had in the circuit court, and judgments were entered against both defendants on the $5,000 bond; the trial court found for defendant Landwehr and against plaintiffs on the $15,000 bond. All parties appeal.

Defendants, as appellants, contend in relation to the $5,000 bond that:

1. The notes given by the club and accepted by the bank after the death of Raymond Visscher were new notes and not renewal notes.

2. The bank by acceptance of these new (or renewal) notes from the club after the death of the surety Visscher (of which it had prompt notice) thereby released Visscher's estate and also released

the other sureties on the bond, including defendants.

The first contention is answered by our decision in *Re Visscher's Estate, supra,* where we held the notes in question to be renewal notes.

We held in that case, also, that the acceptance of such renewal notes by the bank, after the death of the surety Visscher, and after receipt of notice thereof, released the estate of Visscher from liability thereon; the bonds being continuing guaranties.

But did such acceptance of the renewal notes, or the release of Visscher's estate from liability, also release the other sureties on the bond, including defendants? We think not.

We stated in *Re Visscher's Estate, supra:*

"The bonds were continuing in their effect and covered renewals made from time to time by the principal debtor, the country club. By their terms they continued until terminated by some action of the parties. The bank could have terminated them by refusing to accept renewals or make extensions. Any guarantor could have revoked them by proper notice to the bank."

In the case of *Gay* v. *Ward,* 67 Conn. 147 (34 Atl. 1025, 32 L. R. A. 818), which involved the matter of continuing guaranties, the court said:

"The bank renewed and extended its discounts, taking new paper for the old, without the knowledge or acquiescence of the representatives of Ward (deceased co-guarantor). Thereafter the bank must look to the remaining guarantors upon the bond. It waived its right to enforce payment from the estate of Ward when it accepted paper in renewal of the old. * * * Each renewal so made had, for its security, the guaranty of the living guarantors

upon the bond, who had not notified the bank of the termination of their liability upon the guaranty.

"The conclusion arrived at is just to the bank. * * * It is just to the remaining guarantors, who can, upon notice of the death of a guarantor, terminate their liability, and, if compelled to pay that liability, by appropriate remedy compel the estate of the deceased guarantor to contribute his proportion to the liability incurred."

Here, the defendants had knowledge of Visscher's death. They knew, or should have known, that such death operated as a revocation of the guaranty in so far as Visscher's estate was concerned. Each surety had the option to remain on the guaranty, or withdraw from it or revoke it as he saw fit. By their conduct in not withdrawing from it or in not revoking it, knowing of Visscher's death, they acquiesced in remaining on the guaranty. They are therefore liable. *Klatte* v. *Franklin State Bank*, 211 Wis. 613 (248 N. W. 158, 249 N. W. 72); *Beckett & Co.* v. *Addyman*, 9 Q. B. Div. 783 (51 L. J. Q. B. 597); *Staples* v. *Gokey*, 34 Hun (41 N. Y. Sup. Ct.), 289; Ann. Cas. 1917 B, 1188; *Wetmore & Morse Granite Co.* v. *Ryle*, 93 Vt. 245 (107 Atl. 109); 21 R. C. L. p. 1050; 50 C. J. p. 188.

The entry of judgment against each defendant on the $5,000 bond was justified.

Plaintiffs and cross-appellants contend that the trial court erred in not rendering judgment for them against defendant Landwehr on the $15,000 bond.

This bond was executed in the office of the bank, in the presence of the president thereof, who was also a director of the country club. Kirchen was named in the body of the bond, with the other sureties who signed, but Kirchen did not sign it. The

trial judge held that the failure of Kirchen to sign, coupled with the showing made by defendant Landwehr at the trial that "the bond was signed with the condition that all of the directors were to sign," relieved defendant Landwehr of liability on this particular bond.

The record fails to disclose the reason for Kirchen's failure to sign this first bond. But he did sign the second bond, several months later. So did Landwehr. That bond recited the fact that the country club desired to borrow additional money (evidently referring to the money already borrowed under the $15,000 bond) and to execute therefor its promissory notes not to exceed $5,000, and to renew said notes from time to time. Likewise the $15,000 bond contained a similar provision relative to the renewal of notes. The club, soon thereafter, executed its promissory note to the bank for the aggregate of such loan, namely, $20,000. Thereafter renewal notes were given each successive six months by the club, the last one being given July 30, 1930, and which fell due January 30, 1931. During this entire period from May 29, 1925, until January 30, 1931, Landwehr was a director of the country club, and, the record discloses, took an active part in the financial affairs of the club, and was present at meetings of the board of directors of the club, where the minutes thereof indicate discussions of the $20,000 loan and its renewals. Furthermore he took part in getting a new bond signed by various members, limiting their liability to amounts set opposite their respective names, for the purpose, as was testified by Landwehr, "to take the place of these bonds here;"— referring to the $15,000 and $5,000 bonds. This "members" bond was not accepted by the bank.

Landwehr testified that he did not find out that Kirchen had failed to sign the $15,000 bond, until "last fall" (1934).

Landwehr and other directors of the club secured renewal after renewal of the notes of the club, based upon the existence of the bonds. Having led the bank into this course, and having acquiesced therein, they are estopped to deny the validity of the bonds. *Ladd* v. *Brown,* 94 Mich. 136. Every act of Landwehr's is inconsistent with his claim that he was not bound by the first bond, and is entirely in accord with the fact that he was, or believed he was, bound as a guarantor thereof.

Applying the familiar principle of estoppel to the facts before us, we hold that Landwehr is now barred from denying the legal effect of his own acts. *Detroit Savings Bank* v. *Loveland,* 168 Mich. 163, and cases therein cited; *Kole* v. *Lampen,* 191 Mich. 156; *Grand Rapids Savings Bank* v. *Renihan,* 266 Mich. 79; *Hetchler* v. *American Life Ins. Co.,* 266 Mich. 608.. To hold otherwise would be manifestly unjust.

The judgment in the case of plaintiffs against defendant Landwehr is set aside, and that cause remanded to the trial court for entry of judgment in accordance with this opinion. Plaintiffs will recover costs in both courts. As hereinbefore indicated, the judgment in the cause against defendant Kirchen is affirmed, with costs to plaintiffs.

NORTH, C. J., and FEAD, WIEST, BUTZEL, and BUSHNELL, JJ., concurred. EDWARD M. SHARPE, J., did not sit. POTTER, J., took no part in this decision.