# STRAUS-FRANK COMPANY v. S. W. HUGHES.

No. 7613. Decided November 12, 1941.
Rehearing overruled December 10, 1941.
(156 S. W., 2d Series, 519.)

 

*Robt. H. Rice, Sylvan Lang* and *Morris Wise,* of San Antonio, *Greenwood, Moody & Robertson,* of Austin, for plaintiff in error.

It was error for the Court of Civil Appeals to hold that the letter of revocation, written by Hughes on October 9, 1933, operated to release him from the note executed by the McShans, which note was given for the indebtedness existing on the date said letter of revocation was written and which was clearly within the terms of his guaranty. Corn Exch. Bank Trust Co. v. Gifford, 268 N. Y. 153, 197 N. E. 178, 100 A. L. R. 1233; 21 Tex. Jur. 168-176.

*Woodruff & Holloway,* of Brownwood, *J. I. Kercheville,* of San Antonio, and *J. E. Brown,* of Brady, for defendant in error.

The taking of the note sued upon, after revocation of the guaranty, and without consent of Hughes, whereby the existing rate of interest was changed on the bulk of the debt, and other obligations were added, constituted such a departure from the obligation guaranteed, that Hughes was released from liability. Merchants Natl. Bank v. Cressey, 164 Ia. 721, 146 N. W. 761; Gay v. Ward, 67 Conn. 147, 34 Atl. 1026, 32 L. R. A. 818; Southland Life Ins. Co. v. Stewart, 211 S. W. 460.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

In the trial court plaintiff in error, Straus-Frank Company, recovered judgment against O. L. McShan and J. B. McShan for the principal, interest and attorney's fees upon a promissory note executed to it by them on November 1st, 1934. In the same action it also recovered judgment against defendant in error, S. W. Hughes, for the same amount, less attorney's fees, upon a letter of guaranty, which is set out below. The McShans did not appeal and the judgment as to them has long since become final. On Hughes' appeal the Court of Civil Appeals re-

versed the judgment of the trial court as to him and rendered judgment in his favor, 127 S. W. (2d) 582. The application of Straus-Frank Company for writ of error was granted.

The letter of guaranty upon which liability was asserted against Hughes was dated June 27, 1932, and was in language as follows:

"The Straus-Frank Company,
"San Antonio, Texas.
"Gentlemen:

"Please sell to O. L. McShan, hereinafter known as subject party, on your usual credit terms such goods, wares and merchandise as he, she or representative may select, from and after this date, in consideration of which I guarantee and hold myself personally responsible for the payment at maturity at San Antonio, Texas, of the purchase price of all goods, wares and merchandise so sold, whether evidenced by open account, trade acceptances or notices, together with interest from maturity at the rate of 8% per annum on open account and trade acceptance items, and interest on the notes according to their terms. I hereby waive notice of acceptance, amount of sales, dates of shipment or delivery, notice of default in payment, or the requirements of any legal proceedings against the said subject party and I also agree that said indebtedness or any part of it may be changed in form and in terms of payments as often as may be agreed upon between you and the said subject party and that no change in the form or personnel of his, her, or representative's business shall affect this guaranty.
"This is intended to be a guaranty, applying to all sales made by you to O. L. McShan from ............ until you receive notice by registered mail that the same is revoked by me.
Date 6/27-32 /s/ S. W. Hughes"
"WITNESSES:
/s/ O. L. McShan"

On October 9, 1933, plaintiff in error received from defendant in error the following letter of revocation:

 "Brady, Texas. October 7, 1933.
"Straus-Franks Company
"San Antonio, Texas.
"Gentlemen:

"This will give you notice to cancel at once any contract that I have with you guaranteeing in any way the McShan Tire

Company of San Saba, Texas, and any guarantee I have for Joe Bailey McShan, the owner and manager.

"This is being mailed to you by registered letter so act upon receipt of this accordingly, as my guarantee is at an end.

> Yours truly,
> S. W. Hughes,
> Brady, Texas."

On the date of its receipt, O. L. McShan's indebtedness to plaintiff in error consisted of the following items:

> Balance due on note, principal _____$ 618.60
> Interest _____ 55.32
> Balance due on open account_____ 1877.64

Thereafter, on December 20, 1933, O. L. McShan executed and delivered to plaintiff in error his demand note for the aggregate of the above items. This demand note provided for eight per cent. interest before, and ten per cent. interest after maturity and fifteen per cent. attorney's fees. On November 1, 1934, in renewal of the above note, O. L. McShan and J. B. McShan executed and delivered to plaintiff in error their demand note for $2,728.12, containing the same provisions as in the former note regarding interest and attorney's fees. The suit as against the McShans was upon this last mentioned note and as against Hughes was on his letter of guaranty.

■ Admittedly Hughes could have been held liable for the indebtedness of McShan to the plaintiff in error as same existed on the day when it received notice of revocation. The controversy centers around the question of whether that liability was discharged as a result of the renewals after revocation. The letter signed by Hughes was a continuing guaranty. The general rule is that a continuing guaranty may be revoked by the guarantor unless the right to revoke is precluded by the language of the guaranty contract. 24 Am. Jur., Guaranty, Sec. 64. In the instant case the language of the guaranty does not preclude revocation, but expressly recognizes that right. The effect of that revocation is the precise question upon which the decision of this case will turn. The question is the subject of an annotation in 100 A. L. R. 1236, under the heading:

"GUARANTY AS COVERING RENEWALS, AFTER REVOCATION, OF CLAIMS WITHIN COVERAGE AT TIME OF REVOCATION."

The author of that annotation deduces from the authorities the following conclusion:

Most, but not all, jurisdictions have adopted the rule that a guaranty does not cover renewals, after revocation, of claims within coverage at the time of the revocation, but in some cases the decisions have been determined, at least in part, by the construction placed upon the particular contract of guaranty under consideration.

"* * * * * * *

"As above stated, renewals, after revocation of a contract of guaranty, of claims within coverage at the time of the revocation, are held by most courts to be not covered by the guaranty."

In effect that same statement is made in 24 Am. Jur., Guaranty, Sec. 65. It is urged by plaintiff in error that the particular language of the guaranty in suit removes this case from the majority rule.

■ The last paragraph of the letter of guaranty reads:

"This is intended to be a guaranty, applying to all sales made by you to O. L. McShan from _____ until you receive notice by registered mail that the same is revoked by me."

Plaintiff in error would have us construe the contract just as if the paragraph read as follows: "This is intended to be a guaranty, applying to all sales made by you to O. L. McShan from date until October 7, 1933." We cannot agree that it should be so construed. Such construction, we think, fails to give effect to the word "revoked" as used in the paragraph. In 54 C. J. p. 772, revoke is defined as follows:

"To abolish; to annul; to recall, cancel, or set aside; to recall, to take back, to repeal; to recall what one has done or promised; to rescind."

When Hughes revoked his guaranty he recalled or took back every power and authority which he had granted therein. He did not merely recall the authority of plaintiff in error to make sales in the future to McShan and bind him thereby, but he recalled the power and authority to change the form or terms of payment of the indebtedness. He cancelled the guaranty just as he stated in his letter of revocation. Any other construction would amount to a holding that he had the power to

revoke in part only. We cannot read into the language employed by the parties such limitation or restriction upon the right of revocation. Merchants' National Bank of Cedar Rapids v. Cressey, 164 Iowa, 721 ,146 N. W. 761; Clark v. Anderson, 123 Me. 165, 122 Atl. 337; National Eagle Bank v. Hunt, 16 R. I. 148, 13 Atl. 115; Gay v. Ward, 67 Conn. 147, 34 Atl. 1026, 32 L. R. A. 818; Home Nat. Bank of Chicago v. Waterman's Estate, 134 Ill. 461, 29 N. E. 503; Commonwealth Trust & Savings Bank v. Hart, 268 Ill. App. 322; Bedford v. Kelley (In re Kelley's Estate) 173 Mich. 492; 139 N. W. 250, Ann. Cas. 1914D 848; First State Bank of Holland v. Visscher's Estate (In re Visscher's Estate) 275 Mich. 472, 266 N. W. 825.

■ We think the rule established by the above authorities to be the better rule and the one more in consonance with the principles applied in decisions in this jurisdiction on the subject of suretyship and guaranty. The instant case affords an example of its wisdom. The note in suit was executed more than a year after the guaranty had been revoked. It, as noted, is a second renewal made without the guarantor's knowledge and imposes an obligation to pay fifteen per cent. attorney's fees upon an indebtedness, most of which was in the form of an open account, upon which no attorney's fees could have been collected, at the time of the revocation. For a contract to be construed to grant such continuing powers to bind a guarantor after revocation the intention so to do should be expressed in clear and unequivocal terms.

Having concluded that the parties to the note in suit were not authorized by the letter of guaranty to change the form of the indebtedness after revocation in the manner shown, the case falls within the general rule that a surety or guarantor is discharged by a material alteration of the contract made without his consent. This is a familiar rule supported by the authorities cited by the Court of Civil Appeals. Other cases are collated in 21 Tex. Jur. p. 173, Sec. 42.

It is accordingly ordered that the judgment of the Court of Civil Appeals, which reverses the judgment of the trial court and renders judgment in favor of defendant in error, be affirmed.

Opinion adopted by the Supreme Court November 12, 1941.

Rehearing overruled December 10, 1941.