STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-02-027

PHYLLIS A. FARINA and
MICHAEL P. FARINA,

Plaintiffs

v.

A & J ACQUISITION COMPANY, INC.,

Defendant

ORDER

DONALD L. [illegible]
LAW [illegible]

JAN 8 2004

Before this court is Plaintiffs, Phyllis A. Farina and Michael P. Farina's Motion for

Summary Judgment and Defendant, A&J Acquisition Company, Inc.'s Cross-Motion for

Summary Judgment, pursuant to M. R. Civ. P. 56.

## FACTS

On July 2, 1996, Defendant, A&J Acquisition executed and delivered to Plaintiffs,

Michael and Phyllis Farina a Commercial Promissory Note in the original principal

amount of $82,000. To secure Defendant's payment and performance under the Note,

Defendant also executed and delivered to the Plaintiffs a Mortgage, Assignment of

Leases and Rents, Security Agreement, and Financing Statement pursuant to which

Defendant granted a mortgage and security interest in the premises located in

Parsonsfield, Maine. Also on July 2, 1996, Plaintiffs entered into a Debt Subordination

Agreement with Coastal Savings Bank, in which the Plaintiffs agreed to partially

subordinate the obligations of the Defendant under the Note and Mortgage to Coastal

Savings Bank. To date, Defendant has not made any payments on the Note. Thus,

Plaintiffs provided Defendant with written notice of its default by letter dated February

20, 2001. In addition, Plaintiffs gave Coastal Savings Bank notice of the default as required by the Subordination Agreement. Thereafter, the Plaintiffs accelerated the Note and initiated this foreclosure action on April 10, 2002. Plaintiff filed a Motion for Summary Judgment in this matter. In response, the Defendant filed an Opposition to the Plaintiff's Motion and filed its own Motion for Summary Judgment, pursuant to M. R. Civ. P. 56.

In addition, there exist further relevant facts that have bearing on the above events. On January 10, 1995, Federal Financial filed with the Maine District Court a Complaint for Foreclosure by Civil Action against Wiggin Mount Associates ("Wiggin"). Federal Financial, the holder of the Wiggin Note, sued Wiggin, as primary obligor of the Wiggin Note and sought to foreclose a Commercial Mortgage and Security Agreement dated October 24, 1988. Also, Federal Financial sued Plaintiffs, as guarantors of the Wiggin Note. On June 5, 1995, the District Court entered a $134,609.04 judgment for Federal Financial and against Wiggin and the Plaintiffs. Ultimately, Federal Financial assigned all of its rights and interests in this judgment to the Defendant in the present action. Plaintiffs have made no payments to Defendant under the June 5, 1995 judgment, the writ of execution, and/or the Farina Guarantees. On September 28, 1996, Defendant conducted a public sale of the real property subject to the 1988 Mortgage and was the winning bidder at the sale. The net proceeds of the public sale were $60,431.60. On December 2, 1999, by an Amended Order entered in the 1995 Action, the District Court determined that Defendant was not entitled to a deficiency judgment against Wiggin or the Plaintiffs because the fair market value of the property foreclosed upon exceeded the debt owed by the mortgagor.

2

## DISCUSSION

When reviewing motions for summary judgment this court must take into account that:

> [a] summary judgment is warranted when the statement of material facts and pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, cited in the statement of material facts establish that there is no genuine issue of material fact and that a party is entitled to a judgment as a matter of law.

Darling's v. Ford Motor Co., 2003 ME 21, ¶ 4, 817 A.2d 877, 879 (citing M. R. Civ. P. 56(c), (h)). The Law Court has noted that summary judgment is no longer an extreme remedy. Curtis v. Porter, 2001 ME 158, ¶ 7, 784 A.2d 18, 21. Despite this, "[w]hen facts or reasonable inferences are in dispute on a material point, summary judgment may not be entered." Id. ¶ 9.

Plaintiffs contend that they have alleged and proven all the necessary requirements under 14 M.R.S.A. § 6321. Specifically, Plaintiffs cite that they have a mortgage on specific real estate owned by the Defendant, that the mortgage secures a debt under a promissory note, that the Defendant is default under the Note, that the Defendant therefore owes them money under the Note, and that the Plaintiffs have demanded foreclosure in their complaint. See 14 M.R.S.A. § 6321. Plaintiffs further argue that because they have complied with all the statutory requirements they are therefore entitled to summary judgment. Defendant, however, asserts that it paid its debt to the Plaintiffs in full and instead the Plaintiffs owe it money for an unsatisfied writ of execution entered in 1995.

Under Maine Law a guaranty of a debt is an independent contract, separate and distinct from the obligation of payment owed by the primary obligor. Fleet Bank of Maine v. Harriman, 721 A.2d 658, 660 (Me. 1998). Despite this, however, suretyship status gives the secondary obligor a defense to its duties to the extent that "the

3

underlying obligation has been discharged by performance in accordance with its terms or other satisfaction by the principal obligor." Restatement of Suretyship and Guaranty (Third) § 19(a). "The obligee is entitled to only one aggregate performance." Id. at Comment a. In addition, "[w]hen a judgment has been rendered against one of several persons each of whom is liable for a loss claimed in the action on which the judgment is based, satisfaction of the judgment discharges the liability of any other persons liable for the loss to the extent required by the law of suretyship." Restatement of Judgments (Second) § 50(1)(b).

In the case at bar, the primary obligor/mortgagor, Wiggin's, has been found to owe no deficiency to Defendant. See A&J Acquisition Corp., Inc. v. Wiggin Mount Associates, Inc., Michael P. Farina and Phyllis A. Farina, 95-CV-003 Tenth District Court of York (Levy, J.).[1] More specifically, based on the District Court's ruling, after the date of the public sale the Wiggin Note was satisfied.[2] Thus, there existed no debt against which Defendant could effectuate a setoff. Consequently, the duties of the Plaintiffs under the Judgment/Note have also been satisfied.

Moreover, Maine Law provides that;

> [s]ince a guarantee is a type of contract, this Court has long held that it is committed to the view that guaranties are governed by the same rules of construction as other contracts. In construing a contract, the entire document should be considered to determine the meaning and effect of

---

[1] Specifically the District Court found in its first decision that the fair market value of the lots in question had a total value of $275,000, and since the total indebtedness owed by the Defendants as of March 11, 1996, was $154,324.29, there is no deficiency owed by Defendants to Plaintiff. A&J Acquisition Corp., Inc. v. Wiggin Mount Associates, Inc., Michael P. Farina and Phyllis A. Farina, 95-CV-003 Tenth District Court of York (Levy, J.) at 2 (November 11, 1999). Although this decision was amended, the District still held that "[t]he Report of Sale should also reflect that there is no deficiency owed by Defendant to Plaintiff because Plaintiff does not claim a deficiency in this proceeding." A&J Acquisition Corp., Inc. v. Wiggin Mount Associates, Inc., Michael P. Farina and Phyllis A. Farina, 95-CV-003 Tenth District Court of York Amended Decision (Levy, J.) at 3 (December 29, 1999).

[2] Defendant is collaterally estopped from seeking to establish a deficiency owing on the Wiggin Note. See Perry v. H.O. Perry & Son Co., 1998 ME 131 ¶ 6, 711 A.2d 1303, 1305 (citation omitted) (holding that "[c]ollateral estoppel prevents the relitigation of factual issues already decided if identical issue was determined by a prior final judgment . . .and the party estopped had a fair opportunity and incentive to litigate the issue in a prior proceeding.")

each part. Moreover, all writings that form part of, or pertain to, the same transaction should be read together even though the writings are not all between the same parties.

Rosenthal v. Means, 388 A.2d 113, 114-15 (Me. 1978). Since, the language of the guarantee does not provide any guidance in this matter, it is necessary for this court to view the language of the mortgage itself. A relevant provision in that mortgage provides that if Wiggin paid all the debts to Federal Financial then all duties contained in the agreement would be discharged. (Wiggin Mortgage at 3.), including any obligations of the Plaintiffs. I find and conclude that the 1995 Guarantor Judgment entered against the Plaintiffs has been satisfied and thus the Plaintiffs do not owe any debt to the Defendant which can be used as a set-off.

Next, it is necessary for this court to address the statutory requirements contained in 14 M.R.S.A. § 6321. "The complaint shall allege with specificity the plaintiff's claim by mortgage on such real estate, describe the mortgaged premises intelligibly, state the amount due on the mortgage, state the condition broken and by reason of such breach demand a foreclosure and sale." 14 M.R.S.A. § 6321. Here, there the Plaintiff has complied with all the necessary requirements under this provision. Moreover, there exist no disputed facts to the contrary.

WHEREFORE, this court **GRANTS** Plaintiffs' Motion for Summary Judgment and **DENIES** Defendant's Cross-Motion for Summary Judgment, pursuant to M. R. Civ. P. 56.

Dated:      December 4, 2003

Joshua R. Dow, Esq. - PLS
Michael J. Pearce, Esq. - PLS
Jeffrey Bennett, Esq. - PLS CO-COUNSEL
George J. Marcus, Esq. - DEF

G. Arthur Brennan
Justice, Superior Court

5